SIMEON B. FANNING, Appellant, *v.* INTERNATIONAL SEED COMPANY Respondent.

*Pleading — construction thereof on demurrer — insufficient allegations.*

Upon demurrer a pleading must be construed according to the allegations therein contained and not according to an intention gathered outside the language used.

The complaint in an action upon contract alleged that the defendant sold to the plaintiff potatoes, representing that they were a new variety, enormous bearers, etc.

*Held,* that this allegation did not amount to a warranty that the potatoes were to be a new variety, nor that defendant agreed that they should be a new variety, or contracted to deliver potatoes of a new variety.

The complaint also alleged that the plaintiff purchased one-half the crop for $120, but it did not allege that he paid the money therefor under a mistake of fact or at all, nor that he had demanded its return.

*Held,* upon demurrer, that a cause of action was not stated.

APPEAL by the plaintiff, Simeon B. Fanning, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Suffolk on the 22d day of October, 1894, upon the decision of the court rendered after a trial at the Dutchess Special Term sustaining the defendant's demurrer to the complaint.

The complaint in this action alleged that "defendant agreed to furnish plaintiff with two barrels of a new variety of potatoes for seed, representing them to be superior in quality, enormous yielders and unmixed, and that by reason thereof would be in great demand for seed in the spring of 1893, for one-half of the crop at digging time, and plaintiff agreed to plant said potatoes and cultivate the same, and at gathering time give defendant one-half of the crop.

" That about June 1, 1892, plaintiff, relying on defendant's representations of said potatoes, purchased defendant's half of the growing crop for $120.

" That plaintiff performed and fulfilled all the conditions of said agreement on his part, but defendant did not furnish such potatoes as he agreed to, but furnished potatoes that were inferior in quality, very poor to yield, and not pure seed, but mixed with two or three other kinds of seed, and by reason thereof they were in no demand for seed in the spring of 1893."

The complaint demanded judgment for $250 damages.

*Daniel W. Reeve,* for the appellant.

*J. B. M. Stephens,* for the respondent.

Pratt, J. :

The defendant's points state that plaintiff in his complaint attempted to set out a cause of action upon a contract wherein the defendant agreed to furnish to the plaintiff a new variety of potatoes for seed that should be superior in quality, enormous yielders, unmixed, and that would be in great demand for seed in the year 1893, which contract defendant failed to perform.

The clear comprehension of plaintiff's purpose in pleading would make it the duty of a judge at Circuit to admit proof of the cause of action attempted to be set out, and to make such amendment in the pleadings as might be necessary to conform them to the proofs. But upon demurrer a pleading must be construed according to the allegations and not according to an intention gathered outside the language used.

In the present case the complaint alleges that defendant sold potatoes, representing that they were a new variety, enormous bearers, etc. That is not an allegation that the potatoes were warranted to be a new variety, etc., nor that defendant agreed that they should be of a new variety, etc., or contracted to deliver potatoes of a new variety.

Suppose plaintiff had known the potatoes were not in fact a new variety, and were not enormous bearers, etc., and yet had made the purchase, the allegation in the complaint might be true, but plaintiff would not have been deceived.

It is true that proof upon a trial that a vendor represented goods to be of a particular kind or quality, may oftentimes enable a jury to see that the transaction was understood by the parties to be a warranty or a contract to deliver goods of a specified kind or quality, and render a verdict accordingly. But a representation is not necessarily, perhaps not usually, a warranty. . *Caveat emptor* is the general rule.

The allegations in the other branch of the complaint are equally loose.

The plaintiff avers that he "purchased defendant's half of the growing crop for one hundred and twenty dollars," but he does not allege that he paid the money under a mistake of fact, nor at all, nor that he has demanded its return.

The judgment appealed from must be affirmed, but without costs, with leave to plaintiff to serve amended complaint on payment of costs of the Special Term.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, without costs, with leave to plaintiff to serve an amended complaint within twenty days, on payment of costs of Special Term.