NASH v. WEIDENFELD et al.

(Supreme Court, Appellate Division, First Department.    June 9, 1899.)

1. SALES—DELAY IN DELIVERY—WAIVER.

Failure to deliver goods within the time specified in the contract of sale is no defense to a note given for the price, unless the delay in the delivery resulted in damage to the buyer.

2. SAME—DEFECTS IN GOODS—WAIVER—WARRANTY.

By accepting, without objection, goods delivered under an executory contract of sale, the purchaser waives his right to recover damages because the goods were not according to contract; but, where the sale is with a warranty, the right to recover damages for its breach is not waived by accepting the goods.

3. SAME—BREACH OF WARRANTY—REMEDY OF BUYER—PLEADING.

Damages for the breach of a warranty of goods sold cannot be pleaded as a defense to an action on a note given for the price, but must be pleaded as a counterclaim, setting up facts constituting a breach of the warranty and the damages resulting therefrom.

Appeal from trial term, New York county.

Action by J. Burnet Nash against Camille Weidenfeld and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and IN-GRAHAM, JJ.

William V. Rowe, for appellants.

Henry H. Abbott, for respondent.

RUMSEY, J. The action was brought upon a promissory note made by the Worcester Cycle Manufacturing Company on the 1st of May, 1897, for the sum of $3,560.07, due in 40 days after date. The payee was the Shelby Steel-Tube Company, and the note was made to pay that company a debt which the maker owed to the payee. Before the note was delivered to the payee, it was indorsed by the defendant Weidenfeld for the purpose of giving credit to it, and after it was so indorsed the maker delivered it to the payee. Before it was due, the Shelby Steel-Tube Company indorsed the note, and procured it to be discounted at the bank of the Manhattan Company, where the proceeds were put to the credit of the payee. The note was not paid at maturity, but was protested for nonpayment, and the Manhattan Company thereafter indorsed it without recourse, and delivered it to the plaintiff, a clerk in the office of the attorneys for the Shelby Steel-Tube Company, who are also the plaintiff's attorneys in this action. The defendants, answering separately, pleaded substantially the same facts as their defense.

Upon the trial, after the plaintiff had finished his evidence, it was conceded that the Manhattan Company discounted the note for the Shelby Steel-Tube Company, and put the proceeds to the credit of that company, which had a general deposit account in the bank of the Manhattan Company. It was also conceded that when the note became due it was not paid, but was charged back against the Shelby Steel-Tube Company in its account, and afterwards was

transferred, as stated above, to the plaintiff, who received it without consideration. Upon these facts being conceded, the defendants proposed to show the facts set up in the answer, which were, substantially, that, before the giving of the note, the Worcester Cycle Manufacturing Company had purchased from the Shelby Steel-Tube Company steel tubing to a large amount, and it was claimed by the steel-tube company that there was due to it, on account of such purchases, about $16,000, for which it insisted upon being paid. The contract pursuant to which these goods had been furnished was set out in the answer of each defendant. The goods were described in it, and it was provided that they should be delivered at a certain time mentioned in the order; and it was further provided that, if the Shelby Steel-Tube Company should not make deliveries as specified in the contract, they would forfeit to the Worcester Cycle Manufacturing Company absolutely the full value of the order. The contract also contained certain warranties, which it is not necessary to specify. It was further stated in the answer that an ágreement was made between the Worcester Cycle Manufacturing Company and the defendant Weidenfeld, who was its president, on the one part, and the Shelby Steel-Tube Company on the other, that the Worcester Company should deliver to the Shelby Company three promissory notes, of which the note in suit was one, which should be indorsed by the defendant Weidenfeld, upon the agreement that the delivery of the notes should not prejudice any rights which the defendants might have to dispute the claim of the Shelby Steel-Tube Company under the contract set out in the answer, and with the further agreement that the notes should be subject to all defenses that the parties might have in an action on said contract. It was then alleged that a great part of the materials to be furnished under the said contract with the Shelby Steel-Tube Company were furnished after great delay, and at times later than the times at which they were required to be furnished by the contract, and that the said materials were of much less value than the value of the materials called for to be furnished under the contract. The defendants offered to prove these facts, but they were objected to upon the ground that there was no evidence that the plaintiff was not a bona fide holder for value of the note, and upon the further ground that the defenses pleaded in the answer were insufficient in law upon the face of it, and for that reason no evidence should be given to support them. The objections were sustained, and the evidence offered by the defendants was excluded. Thereupon the court, at the close of the defendants' case, directed a verdict for the plaintiff for the amount of the note and interest, to which the defendants duly excepted. A motion for a new trial was subsequently made and denied, and, after the entry of judgment on the verdict, this appeal was taken from the judgment and order.

Legally, the plaintiff stands in the shoes of the Manhattan Company, which discounted this note; and, were it necessary to determine whether the Manhattan Company was a holder for value of the note by reason of what was done upon the discount of it,

the question would not be free from difficulty. But admitting, without deciding, that the Manhattan Company was not a holder for value, and therefore that the note in its hands, and in the hands of the plaintiff, its assignee, is subject to all defenses which existed against it in the hands of the payee, we are of the opinion that the ruling of the court was correct, and that the facts set out in the answer, which the defendants offered to prove, did not constitute a defense to the note.

The note was given in part payment for goods delivered to, and received by, the cycle manufacturing company in alleged performance of the contract above stated. The defendants' claim with regard to these goods, which was relied upon as a defense to the action, was, in the first place, that they were furnished after great delay, and at times later than the times at which they were required to be furnished by the contract. With respect to this statement, it may be said that that fact, of itself, is a matter of no importance, unless, as a result of it, the purchasers of the goods were damaged by the failure to deliver them at the times agreed. No such damage was alleged, and for that reason the defense was entirely insufficient. It was further set up that the materials were of much less value than the value of the materials called for to be furnished under the contract. But it seems that the materials furnished were in fact accepted; and the rule is settled that, where there is an executory contract for the sale and delivery of personal property, the remedy of the vendee to recover damages, on the ground that the article furnished does not correspond with the contract, does not survive the acceptance of the property after an opportunity to ascertain the defect. Reed v. Randall, 29 N. Y. 358. It is quite apparent in this case that the materials furnished were received by the Worcester Cycle Manufacturing Company. It does not appear that any complaint was ever made, or that any notice was ever given to the vendor of the defects, or that any offer was made to return the property. For that reason, the answer was entirely insufficient as a defense.

But the contract contains a warranty that the property delivered shall be of a certain quality, and, where such a contract is made, the right to recover damages for a breach of it survives the acceptance of the property. Such a right, however, is not a defense to the action, after acceptance of the goods, but is a counterclaim for the breach of the contract of warranty (Norton v. Dreyfuss, 106 N. Y. 90, 12 N. E. 428); and, to enable the party complaining of it to recover upon it, it is necessary that he should allege, not only the facts constituting the breach of warranty, but also the fact that he has suffered damage on account of it. Nothing of that kind appears in this pleading. So far as can be inferred from it, it was not intended to be a counterclaim, but it is set up as a "further defense," and there is in it no statement that the plaintiff has suffered any damages by reason of the failure of the Shelby Steel-Tube Company to perform its contract, and no claim for affirmative relief whatever. But, where one is called upon to set up an answer which is available only as a counterclaim, he is bound to plead it in explicit terms, and not leave it to inference, whether he intends or not

so to plead it (Rice v. Grange, 131 N. Y. 149, 30 N. E. 46); and if he fails to plead it as it ought to be pleaded, and the objection is properly taken at the trial, he cannot complain if the court holds him to the pleading which he pretends to make.

In any aspect of this case, the answer was entirely insufficient, even if it should be conceded that the defendants were in a situation to set up a defense against the plaintiff as the owner of this note. For that reason, the ruling of the learned justice at the trial was correct, and the judgment and order must be affirmed, with costs. All concur; INGRAHAM, J., in result.

BARRETT, J. I concur with Mr. Justice RUMSEY, only deeming it necessary to say a word as to the clause in the contract to the effect that, if the Shelby Company should not make deliveries as therein specified, it would forfeit to the Worcester Company absolutely the full value of the order. It is not clear that the note sued upon is one of the three referred to in this contract. The amount seems to be different, although possibly the slight variation may be the result of a clerical error. We have no means of knowing this, however, and there is no allegation directly connecting the affirmative defense with this particular note. But, even if it had been so distinctly connected, I think the defense attempted to be pleaded, founded upon this provision of the contract, was substantially a counterclaim, and consequently also falls under the criticism made by Justice RUMSEY. When the contract speaks of forfeiting absolutely the full value of the order, it refers either to a penalty or liquidated damages. It does not introduce a new rule of law for the particular contract, nor make that condition of things a defense which, but for the contract, would, in an action for the price, have constituted no defense. And, further, the acceptance of the goods was a waiver of the forfeiture. The Worcester Company could not accept the goods at the time they were delivered, and still claim that the Shelby Company should forfeit absolutely the full value of the order.

I think, therefore, that the affirmative allegation in question constituted no defense to the present action.