### STUMPP & WALKER CO. v. LYNBER.

(Supreme Court, Appellate Term. November 18, 1903.)

1. SALES—WARRANTY OF QUALITY.

> Where, in a written offer for the sale of roses, defendant stated that they were "very fine stock," such statement did not constitute an express warranty of quality.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Stumpp & Walker Company against John D. Lynber. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry G. K. Heath, for appellant.
Willeer & Hart, for respondent.

BLANCHARD, J. This action was brought to recover the price of 400 Crimson Rambler Roses sold and delivered by plaintiff to defendant at $12 per hundred. The sale and its terms were established by letters between the parties. On April 16th the plaintiff offered to supply to the defendant the roses at the price mentioned, stating,

¶ 1. See Sales, vol. 43, Cent. Dig. § 732.

"This is very fine stock," and on the 19th of April the defendant directed the plaintiff to send them, and on the 22d they reached the defendant, and "he trimmed them a little, and put them in the ground, * * * all of them." A week or two later he complained to the plaintiff's representative that the roses were not in good condition when he received them, and refused to pay for more than 50 of them. The plaintiff brought this action, and recovered judgment in the sum of $48, the agreed price of the roses, and the defendant appeals.

There was not an expressed warranty of quality in the goods sold. While no particular words are necessary to constitute warranty, and any distinct assertion in that regard may be made a ground for finding there was one, we do not think in the case at bar that the words "very fine stock" constitute warranty. At most they amounted to nothing more than a representation, which "is not necessarily, perhaps not usually, a warranty. Caveat emptor is the general rule." Fanning v. The International Seed Co., 89 Hun, 146–148, 35 N. Y. Supp. 10. Moreover, it is not satisfactorily proved that the roses were not in good condition when they were delivered. The testimony of Mr. Joosten and Mr. Ringier tends to show that the plants were alive and healthy when they were delivered, and their testimony is not impeached. Upon all the evidence in the case we do not think the defendant proved a breach of warranty, even if there was one, and we find no valid ground to disturb the finding of the trial justice.

Judgment must be affirmed, with costs. All concur.