GINSBERG v. LAWRENCE et al.

(Supreme Court, Appellate Term. February 24, 1910.)

1. SALES (§ 428*)—BREACH OF WARRANTY—REMEDY.

    In a suit for a balance due on the price of goods accepted, a breach of express warranty is matter for counterclaim, but not for affirmative defense.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1214; Dec. Dig. § 428.*]

2. SALES (§ 261*) — WARRANTIES — STATEMENTS CONSTITUTING WARRANTY — MATTER OF OPINION.

    Where plaintiff sold defendant a secondhand sewing machine to be used in the manufacture of underwear, letting defendant have it on 10 days' trial, his statement that it was in very good condition was not a warranty, but only an expression of opinion.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 731; Dec. Dig. § 261.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Aaron Ginsberg against Fred. M. Lawrence and another. From a judgment for defendants, plaintiff appeals. Reversed, and judgment entered for plaintiff.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Lester W. Eisenberg and M. Strassman, for appellant.
William Sapiro, for respondents.

WHITNEY, J. Plaintiff is a dealer in secondhand sewing machines. He sold one to defendants, stating that it was in very good condition. He let them have it on 10 days' trial. They paid $25 on account after holding it some days. They were manufacturers of ladies' underwear, using about 40 machines in their business. Thereafter, on being sued for the balance, they admitted the allegations of the complaint, but set up in defense and as a counterclaim that the machine was not in good condition. The court properly dismissed the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

counterclaim, but sustained the defense, and entered judgment for defendants, with costs.

Defendants' theory was breach of express warranty: Plaintiff's statement was not a warranty, but only an expression of opinion (Oneida Manufacturing Society v. Lawrence, 4 Cow. 440; Bartlett v. Hoppock, 34 N. Y. 118, 88 Am. Dec. 428); and breach of express warranty is matter for counterclaim, not for affirmative defense after the goods have been accepted (Nash v. Weidenfeld, 41 App. Div. 511, 58 N. Y. Supp. 609, affirmed 166 N. Y. 612, 59 N. E. 1127).

Judgment for defendants must be reversed, and judgment entered for the plaintiff for the amount of the claim. All concur.