BEDFORD v. HOL-TAN CO.

(Supreme Court, Appellate Division, First Department.   March 24, 1911.)

1. SALES (§ 441*)—BREACH OF WARRANTY—EVIDENCE.
   Evidence *held* not to show a breach of warranty on the sale of an automobile, warranted to be properly constructed, and to give satisfaction if properly operated.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

2. SALES (§ 442*)—BREACH OF WARRANTY—MEASURE OF DAMAGES.
   The measure of damages for breach of warranty on the sale of an article, which warranty survives acceptance of the article by the buyer, is the difference between the purchase price of the article and its actual value at the time of its purchase.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

3. SALES (§ 440*)—BREACH OF WARRANTY—EVIDENCE—ADMISSIBILITY.
   In an action for breach of warranty on the sale of an automobile, evidence of the price received by the buyer for the automobile at a private sale, after it had been subjected to hard usage about 14 months, is inadmissible to show market value at the time of sale.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

Appeal from Judgment on Report of Referee.

Action by Edward T. Bedford against the Hol-Tan Company. From a judgment for plaintiff, entered pursuant to the report of the referee to hear, try, and determine the issues, defendant appeals. Reversed, and new trial granted.

See, also, 140 App. Div. 282, 125 N. Y. Supp. 173.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Paul Bonynge, for appellant.

Charles Thaddeus Terry (Edward Ward McMahon, on the brief), for respondent.

LAUGHLIN, J.   This action, according to the amended complaint, is for the recovery of damages for breaches of warranties on the sale of an automobile chassis by the defendant to the plaintiff.   On the 24th day of March, 1906, the defendant made a formal proposal in writing for the sale of a 50 horse power Fiat automobile chassis for $10,500, to be paid by the acceptance of a chassis of the same make, 1905 model, at $4,000, and the balance in cash on delivery, and he accepted the proposal in writing.   The chassis was delivered to the plaintiff in June, 1906, and he accepted and used it.   From that time until the end of October in the same year the plaintiff experienced considerable annoyance in using the chassis.   It was frequently out of order and required repairs, and was returned to the defendant from time to time, and after remedying the defects then appearing it was returned to the plaintiff.   The evidence shows that the defendant conceded that one defect existed in the chassis at the time it was delivered.   That was a defect in the valve lifts, which were so made as to admit dust into

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the oil grooves, causing them to wear unduly, which gave rise to a loss of power; but the evidence shows that this defect was remedied free of charge by the defendant. With respect to the other defects, there is a conflict of evidence. On the part of the plaintiff, it is claimed that it has been satisfactorily shown that the chassis was not properly constructed, and on the part of the defendant that the defects of which complaint was made, other than that relating to the valve lifts, were caused by improper use of the machine or failure to care for it properly.

In the month of November, 1906, the plaintiff took a long journey with the automobile and experienced no difficulty, and reported in writing to the defendant at that time and thereafter that it was giving perfect satisfaction. No complaint was made that the automobile was not as represented at the time of the sale, or that there was any breach of warranty, until after the plaintiff wrote the defendant a letter on March 21, 1907, indicating that he was thinking of obtaining a higher power automobile, and asking for a proposition from the defendant to sell him a new chassis and take this one in exchange, and defendant had manifested unwillingness so to do. Later on plaintiff complained about the automobile from time to time to the defendant, and finally demanded that it take the chassis back, and on its refusal to do so he advertised the automobile in the New York Herald for sale; but he received only one offer, which was $3,000 for the chassis, together with two bodies which he owned and used with the chassis, but did not purchase with it. He declined this offer, and in the month of August, 1907, he sold the chassis at private sale for $3,000, and agreed to buy a higher power machine from the purchasers "at their price in consideration of their making that purchase."

On the trial an expert called by the plaintiff testified, basing his testimony on an examination of the machine in the summer of 1907, that the automobile was improperly constructed in many respects, and was not worth at the time it was new more than from $2,000 to $2,500. The alleged breaches of warranty concerning which testimony was offered by the plaintiff were statements, made in conversations constituting the negotiations preliminary to making the contract, to the effect that the defendant guaranteed that the automobile would prove satisfactory to the plaintiff, and would be suitable for the use of his family, and that he would have no more trouble with it than he had with the chassis of the same make, but of less horse power, which defendant had accepted in part payment. The vice president of the defendant at the time the sale was made to plaintiff, and who it is claimed made the oral warranties to the plaintiff, denies that he made representations as claimed by plaintiff; but he concedes that he guaranteed that the machine was properly constructed and that it contained no defects.

On the part of the defendant considerable evidence was given tending to show that the automobile was properly constructed, and that other automobiles constructed on the same plans and patterns, which were properly used, gave satisfaction, and that this automobile gave perfect satisfaction under hard usage after its sale by the plaintiff.

It is not entirely clear that the representations alleged to have been made by the defendant constitute warranties or guaranties which survive the acceptance and a reasonable opportunity for the trial of the automobile; but we do not deem it necessary to decide that question now, for, on the theory on which the case was tried, we are of opinion that the plaintiff utterly failed to bear the burden of showing by a preponderance of the evidence that the automobile was not properly constructed, and would not, if properly operated, have given reasonable satisfaction, and in no event can the judgment be sustained, for there is no finding with respect to the value of the automobile chassis at the time it was delivered to the plaintiff. The evidence upon which the judgment is predicated manifestly is that relating to the price obtained for the automobile chassis at private sale after it had been used for upwards of a year, and, according to the preponderance of the evidence, at times improperly. The court found the price at which plaintiff sold the automobile at private sale after notice to defendant and affording it an opportunity to buy it back, and then found as a conclusion of law that the sale "determined and ascertained the value of the chassis which was delivered."

The evidence with respect to the price which the automobile chassis brought at private sale was duly objected to, on the ground that it was incompetent, and that the private sale was too remote in point of time from the purchase to be any measure of the plaintiff's loss; and we are of opinion that the objection should have been sustained. On the theory that the representations with respect to the automobile giving satisfaction constituted express warranties, which survived acceptance, the measure of the plaintiff's damages would be the difference between the purchase price of the automobile and its actual value at the time of the purchase thereof by plaintiff. Issacs v. Wanamaker, 189 N. Y. 122, 81 N. E. 763. Evidence of the purchase price of property, and of the price at which it is sold at public auction, or at private sale, is sometimes received in determining its value; but it is evident that the price received for an automobile at private sale after it has been subjected to hard usage some 14 months, and has thus become, not only a worn and secondhand machine, but out of date on account of new models, bears no proper relation to the market value of the automobile when new and originally sold. In the case at bar the referee accepted this evidence as the value of the automobile, not merely at the time when it was sold at private sale, but when it was new and before the plaintiff used it, and awarded a judgment for the difference between the purchase price and that amount, namely, $7,500.

It follows, therefore, that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.