### WASHBURN-CROSBY CO. v. KINDERVATTER.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

SALES (§ 261*)—WARRANTIES—WHAT CONSTITUTES WARRANTIES.

> Statements by a flour salesman that the flour "would be as good as any made," and that the brand defendant had been using "would not be in it" with this, made while negotiating with defendant for the purchase of flour, are not warranties of the quality of the flour.
>
> [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 727–735; Dec. Dig. § 261.*]

Appeal from Trial Term, Orange County.

Action by the Washburn-Crosby Company against Carl Kindervatter. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Ellery E. Albee, for appellant.
Graham Witschief, for respondent.

WOODWARD, J. The complaint, after the formal allegations, avers that the plaintiff and defendant entered into a contract in writing, by the terms of which the plaintiff agreed to sell, and the defendant to purchase, 500 barrels of flour of a certain brand, and 50 barrels of another brand, all of which was to be delivered, upon the shipping specifications of the plaintiff, on or before the 1st day of January, 1911; that the defendant gave orders for the delivery of 90 barrels of one brand and 7 barrels of the other, and upon the receipt of the last consignment refused to accept further delivery; that the plaintiff has fully performed all of the terms and conditions of its contract, and is now ready and willing to deliver the remainder of the flour upon the defendant performing its part of the contract, and asks for damages upon the basis of the difference between the contract price and the market price at the time when the delivery was to have been made. The case has been tried, and the jury, upon the direction of the court, has found a verdict for the plaintiff in the sum of $380.92. The defendant appeals from the judgment and from an order denying his motion for a new trial on the minutes.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant admits the making and delivery of the contract, and the fact that he had received the shipments mentioned in the complaint, but denies that he is unwilling to complete the contract on his part, and that the plaintiff has performed the conditions on its part. The defendant then sets up a separate defense, to the effect that the plaintiff had made certain representations as to the quality of the flour to be delivered, and that the flour actually delivered under the several shipping orders had failed to come up to the representations, and that the defendant had become convinced that the remainder of the flour would be of the same quality, and that he had, thereupon, refused to complete the contract. The defendant also sets up an alleged counterclaim, based on the alleged failure of the plaintiff to furnish flour of the required quality, making it incumbent upon the defendant to purchase 220 barrels of flour of other dealers, at an advanced price.

The learned trial court, on motion, dismissed the counterclaim, on the ground that it did not state facts sufficient to constitute a cause of action, and a like disposition was made of the so-called defense, and we are persuaded that in this the court performed its duty. The alleged representations of the plaintiff's agent in selling the flour could not be construed as warranties; they amounted only to the expression of an opinion that the flour "would be as good as any made," and that the flour which defendant had been using would not "be in it" with the flour which he would receive under his order, the mere verbiage of a salesman, not intended to be considered seriously as a guaranty of quality, for it afforded no reasonable standard of comparison. The case at bar seems to be within the rule asserted in Cahen v. Platt, 69 N. Y. 348, 25 Am. Rep. 203, and we find no reason for disturbing the verdict of the jury.

The judgment and order appealed from should be affirmed, with costs. All concur.