(91 Misc. Rep. 17)

### SALOMON et al. v. OLKIN.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

SALES ⬩126—RESCISSION—RIGHT TO RESCIND.

Personal Property Law (Consol. Laws, c. 41) § 129, as added by Laws 1911, c. 571, declares that the buyer is deemed to have accepted the goods when, after the lapse of a reasonable time, he retains the goods without making known his rejection. Defendant purchased dresses about September 10th, making a payment on account. In November following she asked plaintiff to be allowed to return two or three of the garments, which she claimed did not fit. Plaintiff refused, and on November 3d she returned the dresses, stating they were total misfits and unsalable, and sending a check for the balance. *Held* that, having retained the goods for that length of time, defendant could not rescind, but was remitted to her rights, if any, on the warranty,

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 313–317; Dec. Dig. ⬩126.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles Salomon and Arthur I. Stiner, copartners, against Clara Olkin. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Bernard Gordon, of New York City, for appellants.

Isaac Hyman, of New York City, for respondent.

GUY, J. Plaintiffs, who are copartners in the business of manufacturing dresses, about September 10, 1913, sold defendant a bill of

goods amounting to $260. The goods were delivered, and the defendant paid on account thereof the sum of $200. In November following the sale, one of the plaintiffs had a conversation with the defendant, in which she asked to be allowed to return two or three of the garments sold, which she claimed did not fit. This request plaintiffs refused to grant.

Defendant's testimony upon this question is that she told plaintiffs she "could not dispose of the dresses because they were not made properly." This conversation she says occurred "quite a few weeks later"; that is, after the sale. Subsequently defendant sent a package to plaintiffs, and a statement showing a balance due plaintiffs of $3.28, and a check for that amount. The plaintiffs refused to accept the package, and returned the check, and brought suit for the $60. In the letter to plaintiffs on November 3, 1913, she states:

"We have several dresses from your regular stock, bought from you early in the season, which are total misfits and are therefore unsalable. Will you kindly advise what you will do in the matter?"

We think that the retention of the goods by the defendant for so long a time after the purchase remits the defendant to her right to recover damages for breach of warranty, if any such right exists, and that she had no right under section 129 of the Personal Property Law to return the goods. That section reads as follows:

"The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him and he does an act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

See, also, Silberstein v. Blum, 153 N. Y. Supp. 34.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.