### SCHINDLER v. SPERLING.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

SALES ☞178—MISTAKE—ACCEPTANCE.

  Where yellow thread was furnished upon on order for white thread, and used before discovery of mistake, the retention and use of the goods after reasonable opportunity for observing their color constituted an acceptance, precluding any recovery on a counterclaim, in the absence of any showing of difference in value between white and yellow thread.

  [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 451–455; Dec. Dig. ☞178.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Schindler against Morris Sperling. Judgment for defendant, and plaintiff appeals. Reversed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Louis A. Sable, of New York City, for appellant.
Charles J. Steinberg, of New York City, for respondent.

SHEARN, J. The action is for goods sold and delivered. Defendant ordered a quantity of white sewing thread. The cotton was on cones, examined by defendant when the order was given on January 20, 1915. Defendant ordered an additional quantity on February 6th, and placed a third order on February 10th. All the deliveries were promptly made, and there was no complaint. Defendant used the thread to manufacture fringes, and after having shipped out finished goods the discovery was made that the cotton thread was yellow, instead of white. There is no claim of defect in quality, or that there was any hidden defect. The color was obvious on inspection, and no reason is assigned why it was not discoverable when being used in defendant's factory. The retention and use of the goods after a reasonable opportunity of observing their color was an acceptance. The only right which survived acceptance was a claim for damages; but there was no proof of any difference in value between white cotton and yellow cotton, and the counterclaim was properly dismissed.

Judgment reversed, with $30 costs, and judgment is directed in favor of the plaintiff for $38.37, with interest from February 10, 1915, and appropriate costs in the court below. All concur.