Alphonso Dume and Cecil Wilmot, Doing Business under the Trade Name and Style of Unity Trucking and Express Company, Plaintiffs, *v.* Clydesdale Truck Sales Corporation, Defendant.

City Court of the City of New York, October, 1922 (Received November, 1922).

Sales — contract for sale of motor truck — delivery of vehicle — right given purchaser to rescind sale within ninety days — warranty of materials and workmanship — breach of warranty — buyer may not return vehicle after the ninety-day period but must sue for damages for breach of warranty.

Where in a written contract for the sale of personal property sold under a warranty against defects no time is specified within which the property shall be returned to the seller, if in any manner defective, it is the duty of the purchaser to return the property within a reasonable time after its receipt and to rescind the contract.

But where the purchaser retains the property beyond the time limited by the contract for its return, if defective, he obligates himself to pay for the same and cannot claim a rescission of the contract.

By a written contract for the sale of a motor vehicle by defendant, a sales corporation, to plaintiff, it was agreed that the sale was made under the standard warranty of the manufacturer, another corporation, that its new motor trucks would be " free from defects in material and workmanship." This warranty, however, was limited " to making good at our factory any part or parts thereof which shall, within ninety days after delivery of the truck to the original purchaser, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective." Further " this warranty shall not apply to any truck which shall have been repaired or altered outside of our factory in any way, * * * or which has been subject to other misuse, negligence or accidents. * * * The foregoing obligation to make good any defective parts returned as herein provided is in lieu of all other warranties, express or implied, and of all other obligations or liabilities on our part, and we neither assume nor authorize any other person to assume for us any other liability in connection with the sale of our trucks." Within the ninety days called for in the warranty some defects to the radiator of the motor truck were repaired but later in an accident which happened on one of the bridges in the city of New York in a collision between plaintiffs' motor truck and a vehicle, the radiator of plaintiffs' truck was damaged. After plaintiffs had recovered from the insurance company the cost of the repairs to the truck they offered to return it. In an action to recover back the money paid on account of the purchase price upon their claim of having rescinded the contract, the plaintiffs had a verdict for the full amount claimed. Upon granting a motion to set aside the verdict as contrary to law and the evidence, *held,* that plaintiffs' retention of the truck beyond the ninety days was of itself an acceptance and necessarily a bar to a rescission of the contract of sale; the plaintiffs' remedy was an action for damages for breach of the warranty.

Where by the terms of a contract for the sale of a motor vehicle it may be returned in case of the breach of a written warranty against defects, pursuant to which

the contract was entered into, the remedy of the purchaser for a breach of the warranty is an action for damages.

Where, however, the warranty limits the time within which the motor vehicle may be returned and the purchaser retains possession beyond such time limit, his remedy is an action to recover damages for the defects in the machine.

MOTION for a new trial after rendition of verdict.

*James S. Watson* (*Nathan April,* of counsel), for plaintiffs.

*Morris Friedberg,* for defendant.

FINELITE, J.   This case came on for trial before the court and a jury and resulted in a verdict in favor of the plaintiffs for the sum of $1,466.44.   Upon the rendition of the verdict the defendant immediately moved to set the same aside as contrary to the law, contrary to the evidence and upon all the grounds set forth in section 549 of the Civil Practice Act, which motion the court entertained.   It appears from the facts herein that about the 30th day of January, 1920, the plaintiffs purchased from the defendant the chassis of a certain motor truck, including motor and a steel cab, for the sum of $3,449, and paid to the defendant on account of the purchase price the sum of $1,466.44; that pursuant to the terms of sale and the contract entered into between the parties regarding the sale of the said merchandise the defendant warranted that the said truck was to be and was a new unused complete 1920 model to be delivered in good order and condition from the factory of the Clydesdale Motor Company at Clyde, O., by railroad to the place of business of the plaintiffs in the city of New York, and contended further that after the execution of the contract of purchase the defendant delivered to the plaintiffs a certain motor truck, including motor and steel cab, but that the same did not comply with the terms of said warranty in that it was not delivered from the said factory of the Clydesdale Motor Truck Company at Clyde, O., by railroad but was operated under its own power from the city of Boston, Mass., to the plaintiffs' place of business in the city of New York, and that the same was not a new truck, motor or cab of a 1920 model and was not delivered in good order and condition, but the same was an old used truck, motor and cab of a model prior to 1920 and was in bad, leaky and unsatisfactory condition, so that the same could not be operated and was of no value; that upon the discovery of the breaches of warranty as aforesaid by the plaintiffs and within a reasonable time, the said plaintiffs rescinded the purchase and sale made as aforesaid and within a reasonable time gave due and diligent notice of such rescission to the defendant and thereupon returned to the defendant the said motor truck, motor and steel cab, and the defendant accepted the said motor and has since

retained the said merchandise; that thereupon the plaintiffs claimed the return to them of the said $1,466.44 paid on account of the purchase price by reason of such rescission. Defendant, on the other hand, proved that the motor truck sold to the plaintiffs was of the Clydesdale motor truck known as model 45, together with one steel cab, which defendant then and there exhibited to plaintiffs, and plaintiffs agreed to pay for said motor truck the aforesaid consideration, and that in and by said agreement made between the plaintiffs and the defendant for the purchase of said model 45 Clydesdale motor truck it was agreed, among other things, as follows: " This motor vehicle is sold under the standard warranty of the manufacturer of same as noted in the Clydesdale catalogue, said warranty being a part of this contract," and under the standard warranty as appeared in the Clydesdale catalogue it is therein stated that the Clydesdale Manufacturing Company " warrant the new motor trucks manufactured by us to be free from defects in material and workmanship, this warranty being limited to making good at our factory any part or parts thereof which shall, within ninety days after delivery of the truck to the original purchaser, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective." Further, " this warranty shall not apply to any truck which shall have been repaired or altered outside of our factory in any way, so as in our judgment to affect its stability or reliability, nor to any truck which has been operated at a speed exceeding the factory-rated speed, or loaded beyond the factory-rated load capacity, *or which has been subject to other misuse, negligence or accidents* * * *. The foregoing obligation to make good any defective parts returned as herein provided is in lieu of all other warranties, express or implied, and of all other obligations or liabilities on our part, and we neither assume nor authorize any other person to assume for us any other liability in connection with the sale of our trucks." The express warranty, which is in evidence, distinctly states that the truck is warranted only for a period of ninety days from its delivery, and it further provided that the warranty should not be operative in the event of an accident to the truck. It appears further from the evidence that while the truck was in the possession of the plaintiffs, and while propelling the same over one of the bridges in the city of New York, it collided with a vehicle which had a protruding object from the rear thereof, and that the radiator came in full force against this projection, which resulted in damage to the same, and that the plaintiffs recovered the cost of such repairs from the insurance company, and this was all after the period of ninety days had expired, as stated in

said warranty.   Where the parties enter into a written agreement for the sale of personal property, and in said written agreement it is stipulated that if the property so sold is in any manner defective, it is the duty of the purchaser, if there is no fixed time specified in said agreement, within a reasonable time from the receipt of the merchandise, to return the property and rescind the contract, but that upon the retention of the property beyond the period of time fixed in said agreement or if he within a reasonable time fails to return the same, the purchaser thereupon obligates himself to pay for the property and cannot claim a rescission.   It has been so held in quite a number of cases.   As was said in *Lapovsky* v. *Abramson,* 181 N. Y. Supp. 798, 799, the defendant was not entitled to a rescission to avail himself of that remedy.   It was his duty to act promptly after obtaining possession of the merchandise, and he could then by inspection have ascertained whether it was what he purchased.   Instead of making an inspection, however, he kept the personal property and failed to return the same within a reasonable time.   He cannot avail himself of the stipulation as to the warranty and recover thereupon, but his remedy is in damages. In the instant case, after the discovery of the alleged defects the plaintiffs retained and used the truck for a period of more than four months, and, as was said in *Schindler* v. *Sperling,* 155 N. Y. Supp. 348: " The retention and use of the goods after a reasonable opportunity of observing their color was an acceptance.   The only right which survived acceptance was a claim for damages."   In the case at bar the plaintiffs sue to recover back the amount paid on account of the purchase, whereas their remedy was to sue for damages, and the retention of the property beyond the period of ninety days, as expressed in the warranty under which said truck was sold, is an acceptance of itself and would necessarily bar rescission.   *Lapovsky* v. *Abramson, supra; Schindler* v. *Sperling, supra; White* v. *Schweitzer,* 221 N. Y. 461–465; *Salomon* v. *Olkin,* 91 Misc. Rep. 17.   There is quite a distinction between actions based on a rescission and the recovery of the purchase price because of a breach of warranty and an action for damages for a breach of warranty, and as appears from the evidence, as well as from the complaint, the plaintiffs claim the return to them of the sum paid on account of the purchase price by reason of such rescission.   Plaintiffs offered to return the truck about the 19th day of July, 1920.   This, as appears from the evidence, was more than five months after the car was delivered, and being beyond the period of time as called for in the warranty.   In *Nash* v. *Weidenfeld,* 41 App. Div. 511, which was an action on a note in payment of the purchase price of steel

tubing, the defendant set forth a defense of a breach of warranty, but having failed to allege and prove damages he was not allowed to recover, and the court there held: " But, the contract contains a warranty that the property delivered shall be of a certain quality, and where such a contract is made the right to recover damages for a breach of it survives the acceptance of the property. Such a right, however, is not a defense to the action after the acceptance of the goods, but is a counterclaim for a breach of the contract of warranty. (*Norton* v. *Dreyfuss*, 106 N. Y. 90.) And to enable the party complaining of it to recover upon it it is necessary that he should allege not only the facts constituting the contents of the warranty, but also the fact that he has suffered damage on account of it." So in the instant case it is purely an action for damages owing to the breach of the alleged warranty, and not one in rescission. In *Miller* v. *Zander*, 85 Misc. Rep. 499; affd., 166 App. Div. 969, which was an action on an express warranty brought to recover on two promissory notes made by the defendant which were given in part payment for a Midland automobile purchased from the plaintiff by the defendant about the 24th day of June, 1913, Pound, J., writing the opinion, said: " Defendant pleads, as ' a defense and counterclaim,' breach of warranty, damages and rescission of the sale, and demands judgment for the purchase price of the car. * * * The memorandum of sale contains the words ' car guaranteed fully for one year.' Within the year, but after the car had been driven for about 3,500 miles, the frame broke, the radiator leaked and the brake did not work properly. Plaintiff undertook to repair the car, but defendant became dissatisfied, offered to return the car and refused to make further payments of the purchase price. Plaintiffs urge that the words ' guaranteed fully for one year ' imply merely a contract to keep the car in repair for one year, while defendant seeks to give these words the force of an express warranty against imperfect material and workmanship or defective parts. In order to establish the right to rescind the sale defendant must establish a breach of warranty and not breach of a contract to keep in repair merely. (*Lamson Store Serv. Co.* v. *Conyngham*, 11 Misc. Rep. 428.) * * * It is now good law that one may bind himself by contract for the happening of any future event, and a ' warranty ' or a ' guarantee ' of an automobile for a year is a contract to be answerable for any defects that may occur during that time. (Williston Sales, sec. 212.) A guaranty that the automobile will be free from defects for a year carries with it necessarily a contract of warranty that the automobile is at the time of the sale of sufficiently good workmanship and materials to run a year under ordinary and proper use without manifesting defects.

Plaintiffs, by their guaranty for one year, agreed, not merely to make repairs, but that the automobile was so well constructed as to be capable of standing proper use for one year, ordinary wear and tear excepted, and that they would become answerable for any defect that might occur during that time not due to improper use of the car by the defendant. The measure of damages in such a case is the difference between the actual value of the car and the value which it would have had at the time of the sale if it had been as represented. (*Miller* v. *Patch Mfg. Co.*, 101 App. Div. 22.) The evidence is undisputed that the break in the frame occurred during ordinary use. The defendant did not immediately attempt to rescind the sale when he discovered the defects, but demanded that the car be made right and allowed plaintiffs to make repairs thereon. In such cases the injured party must act promptly, as soon as he discovers the supposed breach of warranty. If, knowing that the car was not what he had a right to expect, he still retained it, he is precluded from asserting a right to withdraw from the transaction altogether, although he is not deprived of his damages. (Williston Sales, sec. 611.) Two courses were open to defendant when he discovered the defects in the car and decided to rely on an express warranty. He could return the car and plead the rescission of the contract as a *defense* to the action for its price and counterclaim for the amount already paid, or he could keep the car and *counterclaim* for damages. (Sales Act Law, 1911, chap. 571, sec. 150.) But these defenses are inconsistent with each other and cannot both be sustained in the same action, as it appears rescission cannot be maintained in this action because defendants did not act promptly. (*Norton* v. *Dryfuss*, 106 N. Y. 90, 95.) The defendant relies primarily on the defense of rescission, and as he gave evidence of an attempted rescission in the court below and refused to elect to stand on his counterclaim for damages the learned court was justified in disregarding the latter branch of the case and decide the case on the proofs applicable to rescission." In the case at bar there were some defects in the radiator of the car which were repaired within the period of ninety days as called for in said warranty by the defendant, and it was not until the period of five months had elapsed and after the accident which happened on one of the bridges of the city of New York in the collision between the automobile truck and a vehicle wherein the radiator may have been damaged; that it was upon that occasion and after the insurance money was recovered by the plaintiffs they thereupon offered to return the car and sue for recovery of the amount paid thereon, claiming thereby a rescission and not suing upon the warranty as called for in the contract entered into between the parties hereto.

The plaintiffs had two remedies which they could avail themselves of for recovery in this action. In the first instance in case of a breach of warranty in the sale of a motor vehicle they may return the chattel within a reasonable time after discovery of the breach and recover the payment made therefor. *Bedford* v. *Hol-Tan Co.*, 143 App. Div. 372. Second, they may retain the property and sue for damages resulting from the breach. For example, on the sale of a chattel with a warranty, there being no contract right or obligation to return the chattel if it does not prove to be as warranted, the purchaser in the absence of fraud cannot rescind the sale and reject the chattel, his sole remedy is an action or counter-claim for damages for the breach of the warranty. And in an action by the seller for the purchase price, he can set up the breach and the rescission of the contract as a defense or he may retain the machine and counterclaim for damages for breach of the warranty. *Bedford* v. *Hol-Tan Co., supra; Philadelphia Motor Tire Co.* v. *Horowitch*, 190 App. Div. 771; Huddy Auto. (6th ed.) 1084. It would not be amiss to quote as a general rule in case of a breach of warranty in the sale of a motor vehicle the measure of the purchaser's damages as the difference between the actual value of the machine and the value it had if it had been as represented, and the burden is upon the purchaser to show that he has sustained damages through the breach of the warranty and he cannot recover without competent evidence of the value of the machine with the defects, but where the contract entered into pursuant to a written warranty for the sale of the machine to be returned in case of a breach thereof, the remedy of the plaintiff is to recover damages for the breach thereof; but where the warranty limits the time within which the plaintiff is to return the property and he fails to return the property within that period of time and retains possession thereof beyond that period of time, his remedy is to recover damages for the defects thereon and he may retain the property. As it has been pointed out heretofore, the warranty was limited to the period of ninety days, but the plaintiffs retained the machine for five months or more; the plaintiffs cannot now claim rescission and sue for the return of the purchase money. The motion for a new trial must, therefore, be granted. Settle order on one day's notice.

Ordered accordingly.