[Civ. No. 5183. First Appellate District, Division Two.—August 27, 1925.]

F. B. STEEN, Respondent, v. THE SOUTHERN CALIFORNIA SUPPLY COMPANY (a Corporation), Appellant.

[1] WARRANTY—DAMAGES FOR BREACH—EVIDENCE—PUFFING TALK.— In this action for damages for alleged breach of warranty of caramel coloring matter, the statements by defendant's solicitors to plaintiff prior to the actual purchase by the latter of the coloring matter, that sugar coloring was just as good or perhaps better than any, that the coloring matter was all right, that it would stand up with any coloring matter as far as quality was concerned, and that it was as good as anything plaintiff had used, did not amount to an express warranty, or anything more than "puffing talk."

[2] ID.—EVIDENCE—KNOWLEDGE—JUDGMENT.—In such action, there having been no evidence of an express warranty, and there having been no evidence upon which to base an implied warranty under section 1767, or the succeeding sections, of the Civil Code, and, although there was evidence to the effect that the caramel color purchased from defendant was not satisfactory for making ginger ale which was to be held in bottles for two weeks or longer, there having been no evidence that defendant knew that plaintiff was expecting to use the caramel color in the manufacture of ginger ale, or that the ginger ale was to be kept two weeks or longer, or that defendant made any statement to the effect that the caramel color was fit or proper to use in the manufacture of ginger ale, the evidence was insufficient to sustain the judgment for plaintiff.

(1) 35 Cyc., p. 383, n. 6, p. 384, n. 7, 10, p. 389, n. 39, 41, 42, 43.
(2) 35 Cyc., p. 384, n. 9, p. 406, n. 64, p. 407, n. 66, p. 409, n. 94, 95, p. 412, n. 10.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

1. Expression of opinion as a warranty, notes, 16 **Am. St. Rep.** 753; Ann. Cas. 1913C, 711. See, also, 22 **Cal. Jur.** 979; 24 **R. C. L.** 166.

2. Implied warranty of merchantability on sale of goods without particular description or warranty, note, 21 **A. L. R.** 367. See, also, 22 **Cal. Jur.** 1001.

W. W. Butler for Appellant.

McGee & Sumner for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages alleged to have been caused by reason of the sale and delivery by the defendant to the plaintiff of a quantity of caramel coloring matter. The defendant answered and a trial was had before the trial court sitting with a jury. The jury brought in a verdict in favor of the plaintiff on which judgment was entered and from that judgment the defendant has appealed. The appellant makes one point and that is that plaintiff's recovery may be justified only by reason of an implied or expressed warranty of the caramel color.

[1] Mr. Steen personally made the purchase. He testified that in April or May, 1922, one of the solicitors of the defendant called on him a number of times. He did not remember the name of the solicitor. He stated that Mr. Fish, who was also a solicitor of the defendant, called on him once. Mr. Steen, referring to the solicitor first mentioned, testified that "he spoke about sugar coloring being just as good or perhaps better than any and could furnish it for less money than we were paying, and said, 'Why not patronize home industry?' . . . The salesman said that the coloring matter was all right, that it would stand up with any coloring matter as far as quality was concerned, and was as good as anything we had used . . . " Some days later Mr. Steen went to the store of the defendant and made a purchase of some caramel coloring. At the time the purchase was actually made it is not claimed that any words were said which constituted a warranty. If an express warranty was made it must be found in the language quoted above.

In 1 Williston on Sales, section 202, it is said: "It is not easy to draw the line accurately between affirmation of fact on the one hand and statements of opinion on the other. Several distinctions may be noticed. In the first place, it seems obvious that any statement may be put in the form of a statement of opinion. If the seller says a horse is sound, he affirms a fact; but when he states that he believes him to be sound, the only fact which he asserts is his belief,

and if he does in fact believe the horse to be sound, he could not be held liable if the horse were not sound. Again, there are some matters which, even though asserted positively, are in their nature so dependent on individual opinion that no matter how positive the seller's assertion, it is not held to create a warranty. Such assertions as that things are fine or valuable, or better than productions of rival makers, are of this sort.''

In *Maggioros* v. *Edson Bros.*, 164 N. Y. Supp. 377, the court said: ''The letter in which the word 'excellent' is used shows that the defendants were not making any promise or affirmation of fact with reference to the cheese; for, while they said that the cheese that they had on hand was of excellent quality, they proposed to forward a case for the approval of the plaintiffs, and this was done. The following expressions have been held not to constitute an express warranty: 'XX pipe iron' (*Dounce* v. *Dow*, 64 N. Y. 411); 'extra fine' peas (*Waeber* v. *Talbot*, 43 App. Div. 180 [59 N. Y. Supp. 396]); 'best piece of cloth in the market' (*Strauss* v. *Salzer*, 58 Misc. Rep. 573 [109 N. Y. Supp. 734]); 'unsurpassed and unsurpassable' (*League Cycle Co.* v. *Abrahams*, 27 Misc. Rep. 548 [58 N. Y. Supp. 306]); 'very fine stock' (*Stumpp* v. *Walker Co.*, 84 N. Y. Supp. 912); 'suitable and proper for New York City market' (*Bartlett* v. *Hoppock*, 34 N. Y. 118 [88 Am. Dec. 428]); 'very good condition' (*Ginsberg* v. *Lawrence*, 121 N. Y. Supp. 337); 'very fine reading-matter, fit for anybody to read' (*St. Hubert Guild* v. *Quinn*, 64 Misc. Rep. 336 [118 N. Y. Supp. 582]); 'sound corn' (*Lawton* v. *Keil*, 61 Barb. 558); and 'good excellent butter' (*Greenthal* v. *Schneider*, 52 How. Pr. [133] 153). No particular phraseology is necessary (*Oneida Mfg. Co.* v. *Lawrence*, 4 Cow. 440); but there must be an express and direct affirmation of the kind, character or description of the goods (*Chapman* v. *Murch*, 19 Johns. 290), upon which the purchaser relies (*Crocker-Wheeler El. Co.* v. *Johns-Pratt Co.*, 29 App. Div. 300 [51 N. Y. Supp. 793]).''

In *Washburn-Crosby Co.* v. *Kindervatter*, 147 App. Div. 114 [131 N. Y. Supp. 871], it was held that representations that the flour ''would be as good as any made'' and that the flour which the buyer had been using would not ''be in it,'' did not constitute express warranties. The language

used by the defendant's solicitors did not, therefore, amount to anything more than "puffing talk."

[2] There was no implied warranty under section 1767 of the Civil Code because there was no evidence that the seller knew "that the buyer relies upon his advice or judgment . . . "; and there was no evidence that the seller knew "the existence of any fact concerning the thing sold which would, to his knowledge, destroy the buyer's inducement to buy."

There was no implied warranty under section 1769 of the Civil Code for two reasons. The proof did not show that the defendant manufactured the caramel coloring; and, second, there was no evidence that there was any "latent defect, not disclosed to the buyer, arising from the process of manufacture . . . , " and there was no evidence that any improper materials were used in the manufacture thereof.

There was no implied warranty under section 1771 of the Civil Code because the merchandise was not "inaccessible to the examination of the buyer," and there was no evidence that it was not sound and merchantable.

There was no implied warranty under section 1773 of the Civil Code because the marking on the can did not purport to express the quantity or quality thereof, or the place where it was in whole or in part produced, manufactured or prepared. The marking was as follows: "Invincible S. C. S. C. Brand—The Southern California Supply Company, Incorporated, 812-14-16 East Third Street, Los Angeles, California." That marking merely indicated the brand and the place where the article was on sale. There was no evidence of any breach as to either of those matters.

There was no implied warranty under section 1775 of the Civil Code because there was no evidence that the defendant "makes a business of selling provisions for domestic use," nor that the plaintiff bought for actual consumption, nor is there any evidence that the caramel color was not sound and wholesome.

Of course, there is evidence in the record to the effect that the particular caramel color was not satisfactory for making ginger ale which was to be held in bottles for two weeks or longer. But there is no evidence in the record that the defendant knew that the purchaser was expecting to use the caramel color in the manufacture of ginger ale or that the ginger ale was to be kept two weeks or longer, or

that the defendant made any statement to the effect that the caramel color was fit or proper to use in the manufacture of ginger ale.

We think that the appellant is clearly correct in his contention that the evidence does not sustain the judgment.

The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.