JACOB MATTHES, etc., Respondent, *v.* LEON BENN, etc., Appellant.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Sales — rescission of — examination of goods — when error to dismiss counterclaim.

> While it may be that in the ordinary course of trade failure personally to examine goods for a period of sixty days after delivery would, as matter of law, forfeit the purchaser's right either to rescind the sale or to recover for breach of warranty, peculiar circumstances may vary the rule.

> Where in an action for goods sold defendant counterclaims for breach of warranty of quality, and it appears that the practice in the trade was to send the goods to "spongers" who sponged and examined them and returned them to the purchaser with a report of defects, and it further appears that defendant, when making the purchase, asked plaintiff who would be a good "sponger," not knowing any himself, and plaintiff recommended a certain firm and said he would guarantee their work, and defendant sent the goods there and received a report showing no defects, placed the goods on his shelves and did not look at them until two months later, when he found them full of holes, it is error for the trial judge to dismiss the counterclaim and direct a verdict in plaintiff's favor.

> The question of whether or not the objection to quality was made within a reasonable time was, under the peculiar circumstances, for the jury.

APPEAL by defendant from a judgment of the City Court of the city of New York, entered upon a directed verdict.

I. Gainsburg (I. Maurice Wormser, of counsel), for appellant.

Isadore Apfel, for respondent.

BIJUR, J.  Plaintiff sued for goods sold and delivered to defendant, the sale and delivery being admitted.

Defendant set up a counterclaim based upon plaintiff's express warranty of the perfect quality of the goods.

It was shown to be the practice in the trade to send goods purchased to " spongers " who sponged and examined them, thereafter returning them to the purchaser with a report of defects if any were found. Defendant followed this custom, and no defects having been reported, placed the goods on his shelves and did not personally examine them until practically two months later, when he claimed that he found them to be full of holes and otherwise seriously defective.

Defendant testified that at the time of the purchase he was " doing a little jobbing business  *  *  * and not knowing any spongers or examiners, I asked him (plaintiff) who would be the best man to give them to, and he said the Peerless  *  *  *. He said he is a good man. We have work with them now and I stand back of them all the time  *  *  *. He spoke of the Peerless as a very high concern.  *  *  * He was back of them and he would guarantee their sponging and examining.  *  *  * I said to him ' I will send the goods to the Peerless after they arrive at my office.' "

It may well be that in the ordinary course of trade failure to personally examine goods for a period of sixty days after delivery might, *as a matter of law,* be held to forfeit the purchaser's right either to rescind the sale or to recover for breach of warranty, — in contrast to the general rule that reasonableness of time is a question of fact for the jury. *Pierson* v. *Crooks,* 115 N. Y. 551; *Greeff Eng. & Mfg. Co.* v. *Scourene Mfg. Co.,* 182 App. Div. 311. It seems to me, however, that the statements made to the defendant by the plaintiff concerning the efficiency of the sponger and examiner created a peculiar and exceptional situa-

tion in which a question of fact was presented whether defendant had not *under these circumstances* examined the goods within a reasonable time as contemplated by plaintiff himself. This is true not only as a general principle but also by virtue of section 152 of the General Sales Act, which permits any right or duty of vendor or vendee to be varied, among other elements, " by the course of dealings between the parties."

In opposition to plaintiff's motion to dismiss the counterclaim and direct a verdict in plaintiff's favor, defendant's counsel urged that " the question of whether or not it was a reasonable time is a question for the jury to determine," and excepted to the adverse ruling.

The judgment must, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

Guy and Mullan, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.