JACOB MATTHES, Doing Business under the Firm Name and Style of J. MATTHES & COMPANY, Plaintiff, v. LEON BENN, Doing Business under the Firm Name and Style of LEON BENN COMPANY, Defendant.

First Department, April 30, 1920.

Sales — action to recover price of goods — counterclaim for defects — delay in rejecting goods as waiver of right to damages — request to charge.

In an action to recover the price of cloth wherein the defendant counterclaimed for damages by reason of defect in quality it appeared that the plaintiff was not notified of the defect for nearly two months after delivery; that it was the custom for the purchaser to send the cloth to a sponger who sponged and inspected it and if any defects appeared the purchaser was notified, and that the defendant's evidence was to the effect that the sponging works which sponged the cloth was selected on the plaintiff's

recommendation while the plaintiff denied explicitly that he recommended the sponger or guaranteed the work.

*Held,* that the court should have charged, at the plaintiff's request, as matter of law, that if the jury found the plaintiff did not recommend the sponger or have anything to do with the selection of the sponger, but the defendant bought the goods and had them examined by his own sponger and made no effort to examine them himself and did not notify the plaintiff of any defect till nearly two months after delivery, the defendant waited an unreasonable length of time before notifying the plaintiff of defects and thereby forfeited his right to claim any damages.

MOTION by the plaintiff, Jacob Matthes, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance after a verdict had been rendered in defendant's favor.

*Charles Goldzier* of counsel [*Isadore Apfel,* attorney], for the motion.

*I. Maurice Wormser* of counsel [*I. Gainsburg,* attorney], opposed.

SMITH, J.:

This plaintiff sold to this defendant some goods which were to be made up in boys' suits. It was the custom when goods were thus sold, for the purchaser to send them to a sponger, who sponged them and inspected them, and if there were any defects in the goods they warned the purchaser at that time. The defendant's evidence is to the effect that upon the recommendation of the plaintiff he picked out the Peerless Cloth Sponging Works and that the plaintiff stated to the defendant at the time that he knew them and that he would guarantee their work and that they were all right. No defects were reported by the Peerless Cloth Sponging Works and the goods were laid aside about sixty days until the defendant had occasion to start manufacturing the boys' suits, which were to be delivered about the middle of December. It was then found that the goods were loosely woven and tender and had holes in them and were not at all adapted to that work. The plaintiff has sued for the purchase price and the defendant has counterclaimed for damages by reason of the defect in quality. There is no challenge made as to the plaintiff's action. The only question in the case rests upon the challenge to the defend-

ant's counterclaim on the ground that the plaintiff was not notified of the defect within a reasonable time.

This case was first tried in the City Court and judgment was rendered in favor of the plaintiff for the full amount on the ground as held by the court that the notice of the defect was not given to the plaintiff within a reasonable time. This was reversed by the Appellate Term, the Appellate Term holding that under the peculiar circumstances of this case — the guaranty by the plaintiff of the reliability of these spongers — it was a question of fact for the jury to say whether under such circumstances notice was not given within a reasonable time. (107 Misc. Rep. 633.) The case came back for a new trial.

At the close of the trial the plaintiff's counsel asked the court to charge that " if they [the jury] find from the evidence in the case that the plaintiff made no statement whatever as to his standing back of the sponger, that he did not mention the name of the Peerless, did not recommend them, and in fact had nothing to do with the selection of the sponger, but that the defendant bought these goods, had them examined by his own sponger and placed the goods on the shelves and made no effort whatever to examine them, and left them there for about two months, that under such circumstances if the jury finds those to be the facts, that as a matter of law the defendant forfeited his right to set up any counterclaim in regard to the quality of the merchandise, because under such circumstances he would, as a matter of law, have waited an unreasonable length of time." This request was properly made, because the plaintiff had denied explicitly the evidence of the defendant to the effect that he recommended this Peerless Company as a sponger and that he guaranteed the work of this company. If, therefore, the jury believed that these representations were not made, then it would seem clear, as matter of law, that the failure to notify the plaintiff of the defects therein for fifty-six days after delivery constituted an unreasonable delay in giving notice and would defeat the right of the defendant to recover upon his counterclaim. The court had not charged upon the specific matter which was the subject of the plaintiff's request and under the law as stated the plaintiff was clearly entitled to have the request charged.

For failure to grant the request and charge as requested, the exceptions must be sustained and a new trial granted, with costs to the plaintiff to abide the event of the action.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Exceptions sustained and new trial ordered, with costs to plaintiff to abide event. Settle order on notice.