SILBERSTEIN et al. v. BLUM et al. (No. 7230.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

SALES ⊛288—WARRANTY—WAIVER OF BREACH.

Where, in an action for goods sold and delivered, a reasonable time has elapsed after delivery to enable the buyer to examine the goods, and to reject them if not conforming to sample, a failure to return or offer to return the goods within such time constituted a waiver of breach of warranty as a defense.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. ⊛288.]

Appeal from Appellate Term, First Department.

Action by Solomon Silberstein and Meyer Silberstein, doing business as Silberstein & Son, against Harry Blum and Louis Blum. From a judgment of the Appellate Term, affirming a judgment of the Municipal Court, plaintiff appeals. Reversed and rendered.

See, also, 151 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

A. Joseph Geist, of New York City, for appellants.
Lawrence H. Sanders, of New York City, for respondents.

HOTCHKISS, J. The action was for goods sold and delivered. The answer contained denials and a separate defense, which was also pleaded as a counterclaim, that the goods were warranted of a certain quality, to which warranty they did not conform; that plaintiffs had refused defendants' offer to return, all to defendants' damage in a sum identical with the sale price of the goods as alleged in the complaint. On the trial plaintiffs admitted that the goods had been sold by sample and were to be first-class in quality, to which standard they claimed they in fact conformed.

The testimony offered in defendants' behalf showed that the goods did not conform to the sample by which they were sold, and on this issue the defendants' evidence overbore that of the plaintiffs. But it also appeared that the goods were delivered on the day of their sale, July 28, 1914, or the day after, at which time a bill for the price was rendered. No attempt was made to examine the goods then. Louis Blum, who seemed to have had charge of the matter for the defendants, left the city on a business trip on the 3d of August, and did not return until the 13th or 14th. On this trip he sought to sell garments to be manufactured from the goods in question, but was unable so to do to any satisfactory extent. Blum returned to the city on the 13th or 14th, and on some day between that and the 18th he had a

conversation with one of the plaintiffs, in the course of which Blum said that the market conditions had not been satisfactory; that the goods, which were contained in cases, were then intact, and he asked plaintiffs to take back one of the cases, in which event, he said, defendants would pay for the other. Plaintiffs refused this offer, and thereupon Blum unrolled one of the pieces and said that the material looked imperfect, but, if the goods were right, defendants would have to pay for them, and he would have them examined. The precise time necessary for an examination of the goods contained in the two cases did not appear, but sufficient did appear to show that it was but brief. On the day of the foregoing conversation, or the day after, plaintiffs commenced this action, and within a few days thereafter defendants sent the goods to examiners, who pronounced them imperfect and not of first quality. There was no offer to return the goods until defendants served their answer.

It is apparent from the foregoing that, notwithstanding a reasonable time had elapsed, between the delivery of the goods and the conversation above referred to, to permit of an examination of the goods, and for their rejection, had they been found not to conform to the sample, defendants made no attempt to examine and made no offer to return. So far as the breach of warranty constituted a defense, it was waived by the failure to return or offer to return the goods within a reasonable time. Nash v. Weidenfeld, 41 App. Div. 511, 58 N. Y. Supp. 609, affirmed 166 N. Y. 612, 59 N. E. 1127; Personal Property Law (Consol. Laws, c. 41) art. 5, § 150, as added by Laws 1911, c. 571. The only right which survived defendants' acceptance of the goods was one for damages (Id.), which was the cause of action asserted in the counterclaim. But the difficulty with this feature of defendants' case is that there was no proof that they suffered any damage. Such testimony as defendants offered on this point was to the effect that the goods had risen in value.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, with costs, and judgment entered for the appellants for the sum demanded in the complaint, with interest, besides costs in the Municipal Court and at the Appellate Term. All concur.