EMIL KAUFMANN, Appellant, *v.* ARNOLD LEVY, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Negotiable instruments — bills, notes and checks — actions — contracts — counterclaim — Personal Property Law, § 130.

In an action on a promissory note given by defendant in payment of certain sandals sold and delivered, it appeared that they were tendered to defendant prior to and on the delivery date but were refused; that when, three months later, they were again tendered, defendant, who was present, accepted them and they were put in his basement, and though he saw the goods two or three times a day and in effect admitted that it was the custom to make examination within ten days he did not examine them until twenty-three days after acceptance when, as he testified, he found them of inferior quality to the sample and at once notified plaintiff and offered to return them, whereupon plaintiff's representative, after prompt examination of the goods at defendant's place of business, refused to take them back and insisted upon payment of the note. A few days later defendant, in a letter to plaintiff, stated that he felt pretty sure he would be able to pay the note when it was due. *Held,* that defendant had not given notice to plaintiff within a reasonable time after he should have known of the defects in the sandals and that as matter of law, under section

44

Appellate Term, First Department, March, 1918.    [Vol. 102.

130 of the Personal Property Law, he was precluded from taking advantage of the alleged defective quality.

A contract for the sale and delivery of certain other goods having been rescinded by mutual consent, and no part of the purchase price paid, a motion to dismiss defendant's counterclaim based on said contract should have been granted.

APPEAL by plaintiff from a judgment of the City Court of the city of New York in favor of himself, on the ground that said judgment is inadequate, and from an order denying plaintiff's motion to set aside verdict.

Celler & Kraushaar (Meyer Kraushaar, of counsel), for appellant.

Gustave A. Teitelbaum (Louis Jaykowsky, of counsel), for respondent.

PHILBIN, J.   Action is brought on a promissory note made by defendant to plaintiff for $630.   The making of the note is admitted.   It was given in payment of certain sandals sold and delivered by the plaintiff to the defendant.   Without going into detail as to the answer and reply, it is sufficient briefly to outline defendant's position.   He sets up the defense of failure of consideration, claiming that the sandals were defective and that within a reasonable time he notified the plaintiff and offered to return them.   Defendant also alleges the same facts as a counterclaim to the amount of $180.   A second counterclaim for $720, and involving certain oxford shoes, is alleged, the nature of which claim will appear later.

The jury rendered a verdict in favor of the plaintiff for the amount of the note less approximately the sum claimed in the first counterclaim.   However, it is impossible to determine definitely just what particular issue the jury decided in favor of the defendant,

Defendant's testimony as to the sandals may be briefly stated. They were ordered by sample for delivery on January 15, 1917. They were tendered prior to and on the delivery date but refused. On April sixteenth or seventeenth they were again tendered. This time the defendant, who was present, accepted them and put them into his basement. Although the terms were net cash, plaintiff accepted a two months' note dated April nineteenth in payment. Defendant admitted in effect that it is the custom to make examination within ten days. Defendant saw the goods two or three times a day but did not examine them until May ninth or tenth (twenty-three days after acceptance), when he says he found them of inferior quality. He at once notified the plaintiff and offered to return the goods. Plaintiff's representative promptly came to defendant's place of business, examined the sandals, refused to take them back, and insisted that the note be paid in full at maturity. On May fourteenth, defendant wrote a letter stating that he felt pretty sure he would be able to pay the note when due.

As stated above, the foregoing is the defendant's version, but, in so far as it is favorable to him, it is against the weight of evidence. However, accepting the story at its face value, I am of the opinion that as a matter of law the defendant is precluded from taking advantage of the alleged defective quality. The law applicable is contained in the Personal Property Law (Sales Act). Section 130 reads as follows: " *Acceptance does not bar action for damages.* In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or

warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor.''

The question is whether the giving of notice of the alleged defective quality of the sandals twenty-three days after their acceptance was, under the circumstances, within a reasonable time. Considering the presence of the defendant at the time of delivery and acceptance, his giving the note in payment, his seeing the goods two or three times a day, his failure to examine within the customary ten days, and the other facts mentioned, I think it must be held that the defendant did not give notice within a reasonable time after he should have known of the defects. In the somewhat similar case of *Silberstein* v. *Blum,* 167 App. Div. 660, it was held that more than two weeks was in excess of a reasonable time under the circumstances. See also the case of *Mastin* v. *Boland,* 178 App. Div. 421. Defendant has neither a defense nor counterclaim as to the sandals.

This brings us to defendant's testimony as to the second counterclaim. The oxford shoes were ordered as per sample on February 14, 1917, and delivered about May first. They were immediately examined and, according to the defendant, did not come up to sample. As a result of the defendant's complaint, the plaintiff consented about May fifteenth to take back these goods. On May tenth, defendant had written plaintiff telling him that the oxford shoes were subject to his order, but making absolutely no demand for other goods. It is manifest that the parties agreed to and did rescind the sale. The contract having been terminated, the defendant cannot now sue

thereon.  Section 150 of the Personal Property Law (Sales Act) gives certain remedies to a purchaser. One of such remedies is that he may rescind the contract to sell or the sale and recover the purchase price or any part thereof which has been paid.  Such remedy, however, is made exclusive.  Id. subd. 2; Williston Sales, § 612.  Having rescinded, and not having paid any part of the purchase price, defendant has no right which he can now enforce.  The motion to dismiss the second counterclaim should have been granted.

In view of the conclusions reached on the defendant's own version, a new trial should not be granted.

Judgment modified by increasing it to the sum of $631.31, with interest from the 19th day of June, 1917, with costs, and by dismissing defendant's counterclaims on the merits; as so modified, the judgment is affirmed, with costs of the appeal to the appellant.

GUY and DELEHANTY, JJ., concur.

Judgment modified, and as so modified affirmed, with costs to appellant.