CARSON PETROLEUM COMPANY, Appellant, *v.* BALBOA TRADING COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1923.

Sales — when prima facie case established — whether delivery was reasonably prompt a question for jury — waiver as to quality of goods.

A sale of from twenty to twenty-five tons of paraffine wax to be shipped from Coffeyville, Kan., to New York for export was made between plaintiff, through S., its salesman, and defendant by C., its secretary, on October 19, 1920. The defendant in a letter to plaintiff on November 11, 1920, with reference to the subject-matter of the sale stated: "We are advised by you this day that this material left Coffeyville yesterday, the 10th instant. As our contract provided for prompt shipment, and as this car was not shipped until 22 days after the order was placed, we shall refuse to accept delivery of the same." On December second plaintiff through S. notified defendant of the arrival of the car and that unless defendant accepted it plaintiff would be compelled to sell the merchandise for defendant's account. In an action for damages the plaintiff established the making of the contract; that " prompt " delivery in the customary usage of the trade meant " reasonably prompt; " that such delivery meant from fifteen to thirty days; that defendant regarded delivery within time limited by the G. O. C. permit on November eleventh as prompt or reasonably prompt delivery and agreed to it; that the merchandise was delivered to the carrier and was on its way November eleventh and arrived on the New York Central railroad before December first and that on November eleventh defendant notified plaintiff it would not accept delivery and it did not. At the close of plaintiff's case the defendant moved for the dismissal of the complaint on the ground that plaintiff had failed to show any facts in support of its cause of action in that plaintiff alleged total compliance and performance of its contract and had failed to prove any tender, and on the further ground that there was no proof as to whether the wax was the wax ordered and that none of the allegations of the complaint had been proved. *Held*, that plaintiff had made out a *prima facie* case and it was error to grant defendant's motion and the judgment entered upon the order dismissing the complaint will be reversed and a new trial ordered.

The question whether the delivery was prompt or reasonably prompt should have been submitted to the jury.

Defendant having refused to receive the wax on the stated ground that it was shipped twenty-two days after the order was given, must be held to have waived

all other objections to delivery and could not raise on this appeal the question that the wax shipped was not the wax ordered.

APPEAL by plaintiff from a judgment entered in the City Court of the city of New York and from an order dismissing the complaint.

*Robert B. Honeyman* (*Albert J. Baruth,* of counsel), for appellant.

*Joseph, Demov & Feinstein* (*Lazarus Joseph* and *Jacob S. Demov,* of counsel), for respondent.

BURR, J.  The plaintiff sold to the defendant twenty to twenty-five tons of wax.  The sale was made through an interview between Stedman, a salesman for plaintiff, and S. Cohn, the secretary of the defendant.  As a result of the conversation the defendant's secretary, Cohn, signed and accepted for the defendant and Stedman signed and accepted for the plaintiff the following memorandum:

" BALBOA TRADING COMPANY
" Exporters and Importers
" 90–96 Wall Street,
" New York City, U. S. A.
" *October* 19*th*, 1920.

" BALBOA TRADING COMPANY OF 96 WALL STREET, NEW YORK CITY

Hereby purchases and agrees to receive from the CARSON PETROLEUM COMPANY and the said CARSON PETROLEUM COMPANY hereby agrees to deliver to the said BALBOA TRADING COMPANY about 20/25 long tons PARAFFINE WAX
Semi refined 124/126 A. M. P.
Less than 1/2 of 1 percent Oil and Moisture
Packed slabs in double bags
at $.09 1/8 (nine and one eighth cents) per pound
F. A. S. STEAMER N. Y.
Ship to New York for Export
G. O. C. applied for
Terms:  Net cash against dock receipt.
" Accepted
" BALBOA TRADING COMPANY
" S. COHN,
" *Sec'y.*
" Accepted CARSON PETROLEUM COMPANY
" F. W. S."

On the same day a sales memorandum of this purchase was sent by plaintiff to defendant:

" SALES MEMORANDUM
                    " Order No. N. Y. 1527 Y
        " CARSON PETROLEUM COMPANY
              " Petroleum Products
          " 208 South La Salle Street
              " Chicago, Illinois
                            " *October* 19*th*, 1920.
                    " IMPORTANT!

" A charge of $3.00 per day in addition to any charge made by railroad company will be assessed on cars held over 48 hours. Mail us B-L covering return movement date car is released.

" Sold to        Balboa Trading Company,
                            " 2 Cedar Street, New York City.
Your order
for shipment to
        At
Ship via
When ship   Prompt shipment from Coffeyville,
          Kansas.
Terms   Cash against dock receipt
F. O. B.
Your Order No.        Verbal, your Mr. Cohn & F. W. S.
          & your contract 10 /19 /20

| " Quantity | Description | Price |
|---|---|---|
| One Carload long (approx. 20 /25 tons) | 124 /126    Semi-Refined Wax packed slabs in double bags, oil & mixture not to exceed 1 /2 of 1% | 9-1 /8 cents per pound, F. A. S. New York. |

" SOLD THRU MR. E. F. MILLER

" The Contract to which this is affixed is subject to the following additional provisions, viz: In the event freight rates are increased or any tax or charge whatever is hereafter imposed by any governmental authority on the commodities sold hereunder or on the prices or profits of the same, then the purchaser shall, on demand of the seller, pay such increased freight, tax or charge, or the contract be cancelled.

" Our responsibility ceases on all shipments when cars are delivered in good condition to carrier at point of origin. All tank cars equipped with coils are carefully inspected and tested before loading, and we assume no responsibility for condition of cars on arrival at destination due to defective heater coils, and all orders are accepted with this clear understanding.

" Neither party shall be liable for a breach of this contract occasioned by causes beyond the control of either.

" Your order as per the above shall have our attention.

" Very truly yours,<br>
" CARSON PETROLEUM COMPANY,<br>
" H. H. EAGLE."

On October 22, 1920, the defendant wrote plaintiff:

" We are enclosing herewith Permit No. T. Y. N. 3766 covering a shipment of one car of Paraffine Wax from Coffeyville, Kansas to New York for export."

Stedman testified that he had a conversation with Cohn on November second; that he then advised Cohn that there had been some delay in shipping the car of wax " but that we would ship it before November 11th positively which was the expiration date of the permit. Mr. Cohn advised me that would be satisfactory, that he was not in such a hurry as he had been and it would be all right to ship the car if we got it before the expiration of the G. O. C. order. At that time I suggested I had some wax in store in New York which I would give him. He said no, it is not necessary, let it go on the shipment. * * * November 5th I again called Mr. Cohn and told him we were now ready, we had a shipment from the refinery, we had advice from the refinery, they were about ready to ship * * *, he said it would be satisfactoiy so long as the car was shipped before the expiration of the G. O. C. order on November 11th * * *. On November 10th I called Mr. Cohn again and advised him the car had been shipped. We received telegraphic advice from the refinery it was shipped November 10th. I told him that and gave him the car number, he thanked me for the information, that was all; no comment."

The next day, November eleventh, the defendant sent to plaintiff the following letter:

" With reference to our purchase of one car of semi-refined paraffine wax 124/126, on your order No. NY-1527-Y, under date of October 19th, we are advised by you *this day that this material* left Coffeyville yesterday, the 10th instant.

" As our contract provided for prompt shipment, and as this car was not shipped until 22 days after the order was placed, we shall refuse to accept delivery of same.

" Yours very truly,<br>
" BALBOA TRADING COMPANY,<br>
" Per S. COHN,<br>
" Sec'y."

Stedman saw Cohn on the twelfth and asked for an explanation,

" I told him I could not understand why he had refused to accept the car after giving me advice to ship the car, after telling me right along it was satisfactory to ship, and; on that day, after I advised him it had been shipped to send a letter he would accept it. He did not say anything, to that, he simply said he would not accept it. On or about the 22d or 23d of November, I sent them invoice covering this particular car of wax together with the weight sheets preparing them for the arrival of the car."

On or about the 1st of December, 1920, defendant sent plaintiff the following letter:

" We are enclosing herewith arrival notice on the New York Central Railroad Company covering car UP—122892.

" In accordance with letter, advice of the 11th we have refused to accept this car for the reason that it was shipped too late.

" Yours very truly,<br>
" BALBOA TRADING COMPANY,<br>
" Per S. COHN,<br>
" <em>Sec'y.</em>"

On December second plaintiff through Stedman notified defendant that the car having arrived unless defendant accepted it, plaintiff would be compelled to sell it for defendant's account. The original bill of lading was received by Stedman.

The court ruled that the breach, if any, occurred on the eleventh or twelfth of November when plaintiff received the defendant's notice that they would not accept delivery and the testimony given in regard to the market value was that on or about the 12th day of November, 1920, the price was seven cents a pound or about two and one-half cents less than the contract price. On cross-examination, the witness Stedman testified that shipment for prompt delivery has a definite meaning in the trade; it means reasonably prompt; " it can be shipped within fifteen or twenty days or thirty days."

Another witness testified that " prompt " at that time was entirely a " relative term."

At the end of plaintiff's case defendant moved to dismiss the complaint on the ground that the plaintiff failed to show any facts to support its cause of action in that plaintiff alleges total compliance and performance of its contract and has failed to prove any tender, and on the further ground there is no proof as to whether the wax shipped was the wax ordered and they have not proved any of the allegations of the complaint. The court granted the motion to dismiss.

I think this was error. The plaintiff established the making

of the contract; that "prompt" delivery in the customary usage of the trade meant "reasonably prompt;" that such delivery meant from fifteen to thirty days; that defendant regarded delivery within the time limited by the G. O. C. permit on November eleventh as prompt or reasonably prompt delivery and agreed to it; that the merchandise was delivered to the carrier and was on its way November eleventh and arrived on the New York Central railroad before December first, and that on November eleventh defendant notified plaintiff it would not accept delivery and it did not accept delivery.

Defendant claims plaintiff failed to establish that the wax shipped was the identical quality of wax ordered. The wax ordered by defendant was shipped by plaintiff within the time agreed upon and defendant was duly notified of such shipment. Defendant accepted this as a tender and rejected it solely on the ground that it was not shipped in time. In defendant's letter of November eleventh refusing to accept the shipment, it refers to this specific wax. It says: "*With reference to our purchase of one car of semi-refined paraffine wax 124/126, on your order No. N. Y. 1527-Y, under date of October 19th, we are advised by you this day that this material left Coffeyville yesterday, the 10th instant.*"

Defendant now raised the objection that it was not the wax it had ordered. It assumed that it was, and rejected it nevertheless because it was shipped twenty-two days after the order was given. It thus formally stated its objections to the receipt of the shipment and thus must be held to have waived all other objections. *Littlejohn* v. *Shaw*, 159 N. Y. 188, 191. If the shipment was in time, all other objections are deemed waived, and defendant may not be permitted to raise the objection that there is no proof that the wax shipped was the wax ordered. It furthermore appears from the testimony of plaintiff's witness Stedman that the invoice covering this particular car of wax together with the weight sheets preparing them for the arrival of the car were sent to defendant on or about the twenty-second day of November.

Plaintiff has made out a *prima facie* case. The question as to whether delivery was prompt or reasonably prompt should have been left for the jury to determine from the evidence in the case.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

LEHMAN and LYDON, JJ., concur.

Judgment reversed.