GEORGE KENNEDY, Appellant, *v.* F. W. WOOLWORTH COMPANY, Respondent.

First Department, June 1, 1923.

Negligence — action by father for loss of services of daughter — loss of services caused by candy purchased by daughter at defendant's store and eaten by her — father has right of action — notice not required to be served under Personal Property Law, § 130.

A father may maintain an action to recover damages for loss of services of an infant daughter where the injury to the daughter which occasioned the loss of services was caused by eating candy purchased of defendant at one of its stores.

It was not necessary for the plaintiff to allege that the notice prescribed by section 130 of the Personal Property Law was served on the defendant, for the notice there prescribed has no relation to goods' for immediate human consumption.

APPEAL by the plaintiff, George Kennedy, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 3d day of March, 1923, denying his motion to vacate a judgment dismissing the complaint entered upon his default.

*Gustave A. Cymberg* [*Isidor Enselman* of counsel], for the appellant.

*Davies, Auerbach & Cornell* [*Martin A. Schenck* of counsel], for the respondent.

McAVOY, J.:

The court at Special Term declined to open a default suffered here apparently because it found that the complaint was obviously insufficient and its grounds of action could not prevail. The cause alleged is for loss of services of an infant daughter by her father, the infant's injury which occasioned the loss of service having come about through her eating candy purchased of defendant at one of its stores. The argument runs that since the father is not in privity with the defendant as a vendee of the goods, and since the nature of the action is for a breach of warranty of quality in the goods, a damage action for loss of services does not follow the injury. The learned court at Special Term took this view, stating in its order that " there was no privity of contract between the plaintiff and defendant and the plaintiff could not recover if the default were opened." This view conflicts with our Court of Appeals ruling in *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382), where it is held that a duty may be implied irrespective of privity of contract if the result of the failure to perform the duty was likely to raise injurious consequences to others necessarily within the con-

templation of the person who omits the duty. The loss of services action in the parent arising from wrongful acts against the child exists apart from the doctrine of privity of contract in any event. The father has a right of action for such loss of services by reason of a tortious act of the defendant. There is no inherent difficulty in maintaining an action for tort upon a false warranty if injury results.

Cooley in his work on Torts (Vol. 1 [3d ed.], p. 156) says: " Indeed, in many cases an action as for a tort or an action as for a breach of contract may be brought by the same party on the same state of facts. This, at first blush, may seem in contradiction to the definition of a tort, as a wrong unconnected with contract; but the principles which sustain such actions will enable us to solve the seeming difficulty.

" If one by means of a false warranty is enabled to accomplish a sale of property, the purchaser may have his remedy upon the contract of warranty, or he may bring suit for the tort. The tort consists in his having been, by fraud and falsehood, induced to make the purchase. There is a broken contract, but there is also something more; there is deception to the injury of the purchaser in procuring the contract to be made."

The legal duty to redress a wrong arising from a contract's breach is outlined in an early New York case: " It is then doubtless true, that a mere contract obligation may establish no relation out of which a separate or specific legal duty arises, and yet extraneous circumstances and conditions, in connection with it, may establish such a relation as to make its performance a legal duty, and its omission a wrong to be redressed. The duty and the tort grow out of the entire range of facts of which the breach of the contract was but one." (FINCH, J., in *Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382.)

The breach of the warranty resulting in damage to the infant may on reasonable implication give rise to an action for loss of services to the parent because of the actionable wrong whereby the infant's capacity to render the services is diminished or totally impaired.

The complaint to be sufficient did not need a notice under section 130 of the Personal Property Law (as added by Laws of 1911, chap. 571). The notice there prescribed as necessary has no relation to goods for immediate human consumption. The reason for the rule has no relevant application to the circumstances of such a case. That section apparently has to do with the sales of goods whose inspection or use discloses a defect of quality, lack of conformance to sample, failure to comply with description, or other

cognate circumstances which causes money damage to the vendee. To require a complaint which, whatever its nomenclature of form, is really grounded on tortious elements, to indicate a notice of rejection or claim of damage within a reasonable time on account of defect of edible goods in a retail transaction, would strain the rule beyond a breaking point of sense or proportion to its intended object.

The order should be reversed, with ten dollars costs and disbursements, and the motion to open default granted on payment by plaintiff to defendant of thirty dollars trial fee, ten dollars costs of motion at Special Term, and the necessary disbursements on entering the judgment.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted on payment by plaintiff to the defendant of thirty dollars trial fee, ten dollars costs of motion at Special Term, and the necessary disbursements on entering the judgment.