FELIX TAUSEND, Appellant, *v.* WILLIAM D. JUDSON and Others, Copartners, Doing Business under the Firm Name and Style of PARKER, WILDER & Co., Respondents.

First Department, November 2, 1923.

Sales — action to recover back purchase price paid for goods after rescission of contract for breach of warranty — plaintiff had for years purchased certain brand of quilts from defendants under warranty that quilts were to be firsts — plaintiff, who was jobber, notified defendants of defects four months after delivery and immediately after his customers notified him — question whether notice was within reasonable time was for jury — complaint should not have been dismissed at close of plaintiff's case.

In an action to recover back the purchase price paid for certain bed quilts after the contract had been rescinded by the purchaser for breach of warranty, it is improper for the court to dismiss the complaint at the close of plaintiff's case on the ground that notice of defects was not given to the seller within a reasonable time, where it appears that the plaintiff had for many years purchased a a certain brand of quilts of the defendants under a warranty that all the quilts would be firsts; that the plaintiff was a jobber and made no inspection of the quilts when received at its place of business, but resold the same to its customers; and that immediately upon receipt of notice by the plaintiff from its customers of defects in the quilts, which was about four months after the quilts were delivered to the plaintiff, the plaintiff notified the defendants of the defects.

The question whether the notice was given within a reasonable time was not one of law under the circumstances attending the sale in question and in view of the previous dealings between the parties.

APPEAL by the plaintiff, Felix Tausend, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 5th day of March, 1923, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Aaron William Levy* of counsel [*Leonard Klein* with him on the brief], for the appellant.

*Sobel & Brand* [*Samuel Sobel* of counsel], for the respondents.

McAVOY, J.:

The action is to recover the purchase price of certain bed quilts after rescission of the contract of sale because of an alleged breach of warranty. The quilts were sold in two numbers, one called No. 27 and one No. 29. There are two causes of action to recover $4,656, based upon each sale of the separate lots of quilts. It seems that the plaintiff had for many years theretofore purchased from this defendant quilts of the quality known as standard No. 27 and also standard No. 29; and he alleges that there was a warranty that the quilts bought for this order and for this delivery, running from March to July, 1920, would conform in quality to these standards and would be first quality.

Plaintiff claims to have relied on this warranty when paying for the goods, and avers that the warranty was breached in that the quilts delivered were of inferior quality known as seconds and unfit for plaintiff's use. Plaintiff then gave notice to defendants of the defects, elected to rescind the sale and offered to return the goods; but the defendants refused to accept the offer of the return, and plaintiff then demanded the repayment to him of the purchase price, which demand defendants refused. The plaintiff had purchased this same kind of quilts from the same defendants for more than twenty years, and it originally was agreed that all spreads or quilts ordered by plaintiff from defendants should be " firsts," and that all subsequent orders should be the same in regard to size and weight. The merchandise was received by plaintiff and remained in plaintiff's premises until some of it had been resold. That which had been resold to plaintiff's customers was returned to plaintiff because it was claimed to be defective. This was the first time plaintiff learned of the defect of quality. The day following the return of the goods by plaintiff's customers, plaintiff communicated with defendants and complained of the defects, and one of the defendants agreed to send for a bundle of each number so that he might examine them, but later defendants refused to take back the merchandise. The first delivery of goods from either of the orders was in April, 1920, and the first notification of the notice of defects was in August, 1920.

The learned trial court dismissed the complaint, holding as matter of law that plaintiff failed to give notice of the alleged breach of warranty within a reasonable time after the plaintiff knew, or ought to have known, of the breach, this conclusion

being based upon the premise that from the facts shown the question of reasonableness was one of law. We reach the conclusion that the course of trade and dealing in these goods, which were of a staple quality, had between these parties for so many years, was such as not to require the purchaser to institute an investigation of the quality of the merchandise immediately upon its delivery. We hold that the rule is that reasonableness of notice of a defect constituting a breach of warranty of quality depends on what a reasonably prudent person would do and ought to do, having in mind this long course of dealing. A class of goods sold under a given label is not a class of goods which would require examination immediately upon their receipt to discover whether or not they conformed to the quality warranted. In view of the circumstances which existed in these parties' dealings, it seems reasonable that plaintiff would have the right to argue as a fact that he was entitled to assume that the goods conformed to the usual quality and to send them to his customers, he being a jobber, without examination; and that notice of the defective quality of the goods immediately upon receipt of complaints from the customers was a reasonable time for notice under the circumstances.

We think the question of reasonableness of notice, under the peculiar state of circumstances and in view of the relations of the parties, was a question of fact. The judgment should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

Clarke, P. J., Smith, Finch and Martin, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.