FREDERIC W. LINCOLN & others *vs.* ALBERT I. CROLL.

Suffolk.    January 9, 1924. — February 28, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Sale,* Warranty: notice to vendor of breach of warranty of quality.    *No-tice. Practice, Civil,* Finding by trial judge.

Where the facts governing an action of contract for breach of warranty of quality in a sale of yarn were undisputed, concise, clear and certain with respect to their signification, and the determination of the ultimate fact, whether or not the plaintiff gave the defendant reasonable notice of the alleged breach of warranty, does not require or involve the finding of an inferential fact, it is proper for a judge hearing the action without a jury to consider such question of reasonable notice as one of law.

A vendee of yarn received it in New York in September, 1918, and paid the vendor the agreed price. The vendor knew the yarn was purchased for resale and that it was to be received by the vendee ready for export, but did not know the place to which it was to be exported. The vendee reshipped the yarn to Buenos Aires in December, 1918, where it arrived in March, 1919. In April one parcel was examined, and in July sixteen others were examined and rejected, and a partner of the vendee in Buenos Aires settled with the consignee there at fifty per cent discount. Full particulars were received in the vendee's New York office from the Buenos Aires partner on October 29; samples of the yarn were received there in January, 1920. Notice was given to the vendor for the first time in February, 1920. During all the period in 1918, 1919 and 1920 cable communication was maintained between the New York and Buenos Aires offices of the vendee. *Held,* that

(1) The parties must be held to have understood that the examination of the yarn both as to quantity and quality was to be deferred until a reasonable time after the cases could be opened at the place of their destination and therefore no notice to the vendor was necessary before its examination in Buenos Aires;

(2) A reasonable notice to the vendor after July, 1919, was required;

(3) The vendee failed to give to the vendor the notice of breach of warranty within a reasonable time as required by G. L. c. 106, § 38.

CONTRACT for damages alleged to have been caused by breach of warranty of quality in a sale of yarn. Writ dated January 4, 1921.

In the Superior Court, the action was heard by *Weed,* J., without a jury. Material facts are described in the opinion.

At the close of the evidence, the plaintiff asked for the following ruling:

" Upon all the evidence the plaintiffs made claim on the defendant within a reasonable time after they knew or should have known of the defective quality of the goods."

The judge refused to give such ruling and ruled " as a matter of law that the plaintiffs failed to give notice to the defendant of said breach of warranty within a reasonable time after the plaintiffs knew or ought to have known of said breach, and I find for the defendant." The plaintiff alleged exceptions.

*J. G. Palfrey,* for the plaintiffs.

*E. R. Anderson,* (*R. B. Owen* with him,) for the defendant.

PIERCE, J. This is an action of contract, in which the plaintiffs seek to recover for an alleged breach of warranty in the sale of forty-five hundred pounds of 12/1 first grade carded peeler fast sulphur black knitting yarn, in that the yarn sold and delivered by the defendant to the plaintiffs did not correspond with the description thereof set forth in the instrument of purchase and sale annexed to the plaintiffs' declaration. The case was tried before a judge of the Superior Court, without a jury. He ruled on the facts set down in the bill of exceptions, which are all the facts material to the exceptions, that the plaintiffs failed to give notice to the defendant of said breach of warranty within a reasonable time after the plaintiffs knew or ought to have known of said breach, and found for the defendant. The plaintiffs excepted to this ruling, and to the refusal to make certain requested rulings which are now expressly waived.

The facts found are agreed to be all the material facts. They are undisputed, concise, clear and certain in respect to their signification. The decision of the ultimate fact of reasonable notice, or otherwise, to the defendant of the alleged breach of warranty did not require or involve the finding of any inferential fact. It follows that the question of reasonable notice was properly considered by the trial judge as one of law. *Williams* v. *Powell,* 101 Mass. 467. *W. H. Pride & Co.* v. *W. R. Marshall & Co. Inc.* 239 Mass. 53, 58. *American Steam Gauge & Valve Manuf. Co.* v.

*Mechanics Iron Foundry Co.* 214 Mass. 299. *Skillings* v. *Collins,* 224 Mass. 275.

The provision of the sales act, G. L. c. 106, § 38, which is directly applicable to the question at issue, reads: " In the absence of an express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

Succinctly stated the bill of exceptions shows that the plaintiffs bought and the defendant sold the quantity and quality of yarn described in the declaration. The defendant delivered the quantity but not the quality of yarn to the plaintiffs in New York on September 4, 16 and 17, 1918, packed in seventeen cases strapped with iron bands for export, and the plaintiffs paid the agreed price therefor. The defendant knew that the yarn was purchased for resale; that it was intended to be packed and delivered to the plaintiffs in New York, ready for export; but did not know the place to which it was to be exported. He was not informed by the plaintiffs of the destination, and, save as it might be inferred from the knowledge that the yarn was to be packed and delivered ready for export, did not know that it would not be examined prior to export or to arrival at its foreign destination. On December 12, 1918, the seventeen cases, without being opened and the contents examined by the plaintiffs, were shipped to Buenos Aires consigned to a hosiery manufacturer in that city. The cases reached Buenos Aires some time during March, 1919. One case was taken from the custom house in April, 1919, and examined by the consignee, and the remaining sixteen cases were so taken, examined and rejected by the consignee on July 7, 1919. Thereupon, one of the partners of the plaintiffs' firm, resident at Buenos Aires and in charge of the business of the firm there, without notice to the defendant, after

unsuccessful attempts to sell the yarn settled with the consignee by allowing him to keep the yarn with a fifty per cent discount from the agreed price at which the plaintiff had sold the yarn to the consignee, to wit, an allowance of $2,452.27½.

When the consignee rejected the yarn on July 7, 1919, the plaintiffs received seventeen fair samples of the cones contained in the seventeen cases, one sample cone from each case. These sample cones were packed for shipment to the New York office, as appears by a letter of the resident partner to the New York office, dated August 14, 1919, which recites the " whole affair," including the action of the consignee and that of the resident partner representative. This letter was received in New York on October 29, 1919. The record does not disclose what reply, if any, was made to the representative, or what action, if any, was taken by the plaintiffs because of such information. The case containing the seventeen sample cones was shipped from Buenos Aires in September, 1919. On December 3, 1919, the vessel carrying the cones cleared through the New York custom-house. On December 17, 1919, entry of the case of cones was completed. On January 7, 1920, the case of cones was received at the New York storehouse of the plaintiffs. On February 13, 1920, the plaintiffs, for the first time, wrote the defendant that the " ' yarn did not fulfill the specifications of our contract, and it was necessary for us to dispose of the goods at a net loss of $2,500.00,' and asked the defendant ' to reimburse us for our loss.' " This letter also stated, in substance, that they had a case of samples, and affidavits, correspondence and all papers in connection with the claim that the goods were not of proper quality; and invited a thorough discussion of the matter. The letter, as also one dated February 28, 1920, made statements in alleged justification of the plaintiffs' delay in not taking the matter up earlier.

Because the seller must have known from the manner of packing the yarn that it would not be examined by the purchaser, or that it was highly improbable that the purchaser would do so, we think that all parties must be held

to have understood that the examination of the yarn both as to quantity and quality was to be deferred until the cases could reasonably be opened at the place of their destination. We therefore think it could not have been ruled that the yarn should have been examined on delivery to the plaintiffs, and a notification given the defendant before December 12, 1918, that the plaintiffs claimed the yarn was defective, that there was in consequence a breach of the warranty, and that the plaintiffs relied on such breach as a defence or as giving a right of rescission or a right to damages.

However, when the yarn was rejected by the consignee on July 7, 1919, and resold to the consignee at a fifty per cent discount, the plaintiffs must be held to have accepted and taken final title to the yarn, with the right of recoupment or cross action for damages, upon giving notice within a reasonable time after July 7, 1919, to the defendant that they claimed there was a breach of warranty. We think the ruling of the court, in substance, that the plaintiffs had failed to give notice of the alleged breach of warranty within a reasonable time, as that phrase is used in G. L. c. 106, § 38, after they had knowledge of such breach in April, 1919, and again, more fully if not absolutely, on July 7, 1919, was manifestly right.

During the summer and fall of 1919 cable communication was maintained between the New York and Buenos Aires offices of the plaintiffs. These messages were filed at the close of the business day in New York or Buenos Aires and were received and delivered at the other end on the following morning. The plaintiffs made use of such mode of communication frequently, sometimes daily. The sales act in the identical language of G. L. c. 106, § 38, was in force in New York and Pennsylvania when the contract of sale was closed by the exchange of the letters, in copy annexed to the declaration.

In a matter involving the gain or loss of $2,500, it must be inferred that the partner at Buenos Aires informed his partner in New York of the imperfection of the yarn and of his action in relation thereto, at the first opportunity

after he had made resale of the yarn at a discount because of the alleged imperfection of it. If he did not communicate all the facts by cable soon after July 7, 1919, he did give the New York office a full account of the matter in a letter dated August 14, 1919, which was received on October 29, 1919. For some undisclosed reason the resident partner did not ship the seventeen sample cones until September, 1919. The delivery of these cones at the New York warehouse of the plaintiffs, through the congestion of traffic was delayed until January 7, 1920. The plaintiffs on February 13, 1920, in a letter gave notice to the defendant for the first time that the " yarn did not fulfill the specifications of our contract " and asked to be reimbursed for the loss. It is too plain for serious discussion, having regard to the situation of the plaintiffs, and in the light of all the circumstances, that the delay of the plaintiffs in giving notice to the defendant was entirely without business or legal excuse and was as matter of law a bar to the action. *Trimount Lumber Co.* v. *Murdough,* 229 Mass. 254, 257.

*Exceptions overruled.*