Samuel N. Silberman and Another, Copartners, Doing Business under the Firm Name and Style of Parisian Shoe Company, Appellants, *v.* Irving Engel and Another, Copartners, Doing Business under the Firm Name and Style of Engel & Moskowitz, Respondents.

Supreme Court, Appellate Term, Second Department, October 25, 1924.

**Sales — action for purchase price of goods — defendants had notice of defects in goods three days after delivery but did not return shipment until more than thirty days thereafter — failure of defendants to return goods within reasonable time precludes recovery on counterclaim.**

In an action to recover the purchase price of goods, defendants' counterclaim, predicated upon an alleged breach of warranty, should be dismissed, where said defendants had notice of defects in the goods three days after delivery but did not return the shipment until more than thirty days thereafter, since, as a matter of law, defendants failed to give notice of the defects within a reasonable time after they were discovered. Defendants were obliged to give such notice whether they sought to rescind or merely to recover damages.

Appeal from a judgment of the Municipal Court, Borough of Brooklyn, Fourth District.

*Samuel Widder*, for the appellants.

*Grauer & Rathkopf*, for the respondents.

PER CURIAM:

Judgment unanimously modified upon the law by increasing the amount of plaintiffs' recovery to $894.11, with interest and appropriate costs in the court below, and, as so modified, affirmed, with $25 costs to appellants.

Plaintiffs' claim was conceded. Defendants' counterclaim should not have been allowed. It was based upon an alleged breach of warranty in the sale of goods. The goods were received by the defendants on August 9, 1923. Within three days thereafter they had been examined by defendants, and at that time the alleged defects had been discovered and the claimed breach of warranty was known to exist. Defendants, however, did not return, or offer to return, the goods until September 17, 1923, and made no claim that they were not according to contract before September 5, 1923, and then the complaint was merely as to two or three of the articles. Concededly, some of the shoes were of a novelty style and were salable within only a short period after their receipt by defendants.

Under all the circumstances disclosed by the record we think as a matter of law defendants did not give notice to the plaintiffs within a reasonable time. (*Silberstein* v. *Blum*, 167 App. Div. 660; *Kaufmann* v. *Levy*, 102 Misc. 689.) Defendants were obliged to give such notice whether they sought to rescind or merely to recover damages (Pers. Prop. Law, §§ 129, 130, 150, as added by Laws of 1911, chap. 571) and cannot recover because they failed to do so. (*Schnitzer* v. *Lang*, 207 App. Div. 595, 599; *Ficklen Tobacco Co.* v. *Friedberg*, 196 id. 409, 412; *Henderson Tire & Rubber Co.* v. *Wilson & Son*, 235 N. Y. 489, 501.)

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.