MILZ & CIE, Plaintiff, *v.* JULIUS BLOOMFIELD, etc., Defendant.

Supreme Court, New York County, May 18, 1932.

*A. Frank,* for the plaintiff.

*Pfeiffer & Crames [Joseph M. Proskauer* of counsel], for the defendant.

SHIENTAG, J.   The plaintiff is suing for the price of goods ordered by the defendant, delivered to him and alleged to have been accepted.   It was found at the trial that the goods were improperly packed in Europe, and as a result when they arrived at the buyer's city, New York, they were in large part unmerchantable.   The defendant at the trial claimed a rescission.   The question reserved for determination is whether the buyer notified the seller within a reasonable time of his election to rescind.

The goods although not perishable were seasonable merchandise. They were Easter hats, and apparently of substantial value despite the defects noted.   They arrived here on January twenty-fourth. On February second three cases, containing in the neighborhood of 900 hats, were removed for inspection.   They were inspected and by February seventh were found to be defective.   The buyer remained silent until March first, on which date he cabled the seller and notified him of his refusal to accept the merchandise because of its defective condition.

The seller had a right under the circumstances to a prompt decision by the buyer as to whether he would accept or reject the merchandise.   (Pers. Prop. Law, § 150, subd. 3.)   The requirement of notice of rejection within a reasonable time is in no sense a formal or technical requirement.   It is the essence of fair business dealing.

I hold that the silent retention of the goods for thirty-six days after delivery and for three weeks after examination had disclosed their condition constituted an acceptance under section 129 of the Personal Property Law.   (*Silberstein* v. *Blum,* 167 App. Div. 660; *Kaufmann* v. *Levy,* 102 Misc. 689; *Lieberman* v. *Beck,* 179 N. Y. Supp. 472; *Knobel* v. *Bartel Co.,* 176 Wis. 393.)

While ordinarily acceptance of non-conforming goods is tentatively qualified by a right in the buyer to rescind (See *Glass & Co.* v. *Misroch,* 239 N. Y. 475, 480), that right is waived by the delay which here creates the acceptance.   (Pers. Prop. Law, § 150, subd. 3.)   The buyer's delay is not explained by any particular difficulty in discovering the condition of the merchandise, such as was shown in the case of *Schnitzer* v. *Lang* (239 N. Y. 1).   No experimentation was required.   The verdict of the ultimate consumer was not essential.   All that was needed was to open the crates and to look at the hats.   There was not in this case, as there was in *Tausend* v. *Judson* (206 App. Div. 454), a long course

of satisfactory dealings between the parties upon the basis of which examination might be justifiably postponed. Indeed, a previous shipment of similar goods, similarly packed, evoked a cabled protest while the lot in question was in transit. Even if the three cases withdrawn and used had not revealed the defects ascribed to the remainder, it would have been the part of prudence to examine the whole shipment promptly upon arrival. The fact is that the three cases removed were examined, and the defects in the merchandise were ascertained, by February seventh. Yet the buyer waited three weeks thereafter before notifying the seller of his intention to reject.

Verdict is directed in favor of the plaintiff for the relief demanded in the complaint. Twenty days' stay and thirty days to make a case. Settle order.