Grafton,
Feb. 2, 1937.

SIDNEY HAZELTON *v.* FIRST NATIONAL STORES, INC.

MARION HAZELTON *v.* SAME.

PHYLLIS HAZELTON, *by her father and next friend, v.* SAME.

SIDNEY HAZELTON, JR., *by his father and next friend, v.* SAME.

410

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the plaintiffs.

*Devine & Tobin* (*Mr. Tobin* orally), for the defendant.

BRANCH, J.   In the cases of Mrs. Hazelton and the two children, the defendant's motions for nonsuits should have been granted upon the ground that the statutory warranty of fitness did not extend to them.   In the case of *Howson* v. *Company*, 87 N. H. 200, the question of the extent of such a warranty received careful consideration, and we there stated and applied the general rule "that warranties do not run in favor of any but an immediate purchaser."   It is true that, in that case, we were not called upon to decide whether, as an exception to that rule, a warranty of food known by the seller to be intended for the use not only of the purchaser but of his family, should be held to extend to members of the family.   The principles

stated in that case, however, are entirely inconsistent with the existence of such an exception, and no convincing reason has been suggested which would justify the establishment of such a rule at this time. Upon this ground, therefore, there must be judgment for the defendant in the suits of Marion Hazelton, Phyllis Hazelton and Sidney Hazelton, Jr.

In the case of the husband, Sidney Hazelton, the court correctly ruled that, under section 15 of the sales act above cited, the sale of the chops in question carried with it an implied warranty that they were fit for use as food. No effect was given, however, to section 49 of the same act which provides as follows: "But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor." The court not only denied the motion for a nonsuit based upon this provision, but refused to submit to the jury the question whether notice was given to the defendant within a reasonable time after the plaintiff knew or ought to have known of the breach of warranty.

The plaintiff attempts to defend the action of the trial court upon the ground that the statute "was never intended to apply to the sale of goods for immediate human consumption" and in support of this position relies upon the case of *Kennedy* v. *Company*, 200 N. Y. Supp. 121. The language of the New York court seems to sustain the plaintiff's position, but the decision was based upon the ground that the action was in substance one of tort in the nature of deceit rather than of contract. The interpretation which the court placed upon section 49 of the sales act was therefore unnecessary and appears to us to be inconsistent with the general plan of the statute and the purpose of the section in question.

"The English statute makes no special provision for warranty in sales of food. The American Sales Act follows it in this respect. ... The matter has thus been stated by the New York Court of Appeals: 'We have no doubt that Section 96 [of the New York Personal Property Law, Section 15 of the Sales Act] expressed as it is in general terms, applies to all sales, including sales of food, and that any rules hitherto applied inconsistent with this section are abolished. ....'" 1 Williston, Sales, (2d *ed.*) *s.* 242a, citing *Rinaldi* v. *Company*, 225 N. Y. 70. Since the general provisions of the sales act in regard to warranties apply to sales of food and lie at the foundation of the plaintiff's case, it is difficult to understand upon what theory it can

be held that the subsequent provisions of the act limiting the right of recovery for a breach of one of the warranties previously imposed are not applicable to cases arising out of sales of food.

A consideration of the purpose and intended effect of section 49 also leads to the conclusion that the interpretation placed upon it by the New York court cannot be adopted. "A rule seems desirable which is capable of some certainty in its application and which at the same time avoids the hardship on the buyer of holding that acceptance of title necessarily deprives him of the seller's obligations, and also avoids the hardship on the seller of allowing a buyer at any time within the period of the Statute of Limitations to assert that the goods are or were defective though no objection was made when they were received. With this in mind, the positive requirement of prompt notice was inserted in the statute. Such notice or protest has in some jurisdictions been regarded as important evidence bearing on assent to receive defective goods in full satisfaction, but the statute makes it an absolute condition." 2 Williston: Sales, 2d (ed.) s. 484a.

"The purpose of the notice is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning." *American Mfg. Co.* v. *U. S. Shipping Board*, 7 Fed. (2d) 565, 566.

"The purpose of the provision requiring such notice is clearly to give the seller timely information that the buyer proposes to look to him for damages for the breach, that the former may govern his conduct accordingly. Such notice need take no special form, but it must be such fairly as to apprise the seller of that intention." *Truslow &c. Co.* v. *Company*, 112 Conn. 181.

"The giving of notice of an alleged breach of warranty to a seller within a reasonable time as required by G. L., c. 106, § 38, is intended for the protection of the seller against belated claims for damages." *Idzykowski* v. *Company*, 279 Mass. 163.

It, therefore, appears that in purpose and effect, section 49 is analogous to P. L., c. 89, s. 9, which requires that every person making claim against a town for damages occasioned by a defective highway shall, within ten days of receiving injury, give to the town a written statement setting forth "the exact place where and the time when the injury was received, a full description thereof, the extent of the same and the amount of damages claimed therefor." The object of the above described notice is "to enable the officers of towns to obtain full and correct information concerning the cause and extent

of the injuries for which damages are claimed while the physical facts are unchanged, and while other facts relating to the accident are fresh in memory, thereby enabling them to settle claims without litigation if they turn out to be honest and well founded, or successfully to resist them if they are false or exaggerated." *Sargent* v. *Gilford*, 66 N. H. 543, 544. Proof that the statutory notice was given is a necessary element of the plaintiff's case in an action against a town for damages caused by a defective highway, "and to sustain his claim he must show, in the first instance, that a statement was filed in his behalf." *Sowter* v. *Grafton*, 65 N. H. 207; *Sargent* v. *Gilford*, *supra*, 545; *Hinds* v. *Hinsdale*, 80 N. H. 346.

The purposes of the notice required by the sales act are, we think, similar to those enumerated above, and the requirement that prompt notice shall be given is equally imperative; "the statute makes it an absolute condition" of liability for breach of warranty thereunder. 2 Williston, Sales, *supra*. No reason has been suggested and none occurs to us, why a seller of food for immediate human consumption needs protection from "belated claims for damages" any less than a seller of food for less immediate use such as dried mushrooms (*Ferguson* v. *Netter*, 204 N. Y. 505), or beans (*Niehoff-Schultze Grocer Co.* v. *Gross*, 199 N. Y. Supp. 196; or than a seller of clothing (*Silberstein* v. *Blum*, 153 N. Y. Supp. 34), or steel (*American Mfg. Co.* v. *U. S. Shipping Board*, 7 Fed. (2d) 565), or yarn (*Lincoln* v. *Croll*, 248 Mass. 232). We accordingly hold that the plaintiff's claim is subject to the requirements of section 49 of the sales act.

The question whether notice of the alleged breach of warranty was given to the defendant within a reasonable time after the plaintiff knew or ought to have known of such breach must, therefore, be considered.

At the time when the defendant's motions for nonsuits were made, there was no evidence in the case that any claim for breach of warranty had been presented to the defendant until the suits in question were instituted, more than a year after the plaintiffs were taken sick. At the hearing in this court, however, it was stated by the plaintiffs' counsel and conceded by the defendant that such a claim was presented by a letter addressed to the main office of the defendant corporation in Cambridge, Massachusetts, by attorneys in Boston, upon October 17, 1933, which was approximately six months after the illness of the plaintiffs began.

The question of what constitutes a "reasonable time" under section 49 of the sales act has received frequent consideration by the

courts of other jurisdictions and the result of these decisions has been correctly summarized as follows: "It is generally held that what constitutes a reasonable time within which to give notice to the seller of a breach of warranty is a question of fact for the jury, but where the facts are undisputed and there is no room for conflicting inferences, the question becomes one of law." *Columbia Axle Co.* v. *Insurance Co.*, 63 Fed. (2d) 206. "Reasonable time is not an inflexible term. It depends commonly upon the circumstances of each case. When the facts are undisputed, it is a question of law. But when salient facts are in controversy and depend in part upon inferences to be drawn by sound judgment, then it is a question of fact to be determined by the practical sense of a jury." *American Steam Gauge &c. Co.* v. *Company*, 214 Mass. 299.

The above quotations state with substantial accuracy the accepted practice in this jurisdiction with reference to questions of fact of a similar nature. The question of reasonable time, like the questions of proximate cause and negligence, "is necessarily subject to the limitation affecting the submission of all questions of fact to the jury: that if on the evidence reasonable men can come to only one conclusion, there is no question for their decision." *McGill* v. *Company*, 70 N. H. 125, 129; *Gahagan* v. *Railroad*, 70 N. H. 441, 445; *Deschenes* v. *Railroad*, 69 N. H. 285.

The statutory requirement of notice within a "reasonable time" has been construed as a "positive requirement of prompt notice." 2 Williston, Sales, *supra*. "Prompt notice" can mean nothing less than notice without unnecessary delay. A delay of six months in giving notice to the defendant of a claim for breach of warranty, therefore, required explanation as a part of the plaintiffs' case. No such explanation was given.

The plaintiff, Sidney C. Hazelton, testified upon cross-examination as follows: "Did you at any time ever go back to the First National Stores in Hanover and complain to anybody there or state to anybody there that you had been made ill by pork which had been purchased from the First National Stores? A. No, sir." The plaintiff Marion Hazelton testified upon cross-examination as follows: "Did you, after you realized that your illness had been caused by eating this pork, at any time go to the First National Store and tell anybody there that you had been made ill because of eating pork that was purchased at that store? A. No, sir." This is the only testimony upon the point. All the evidentiary facts are, therefore, clear and undisputed. The decision of the question whether reasonable notice

was given to the defendant of the alleged breach of warranty does not require or involve the finding of any inferential facts. It is certain that no notice was given for six months and no "business or legal excuse" for the delay is suggested. Under these circumstances it cannot be found that the statutory requirement of prompt notice was fulfilled, and it follows that the plaintiff's action cannot be maintained. *Lincoln* v. *Croll*, 248 Mass. 232, 237; *Skillings* v. *Collins*, 224 Mass. 275, 279.

Less extended delays have been held to bar recovery in other cases. A delay of twenty-three days in one case and fifty-six days in another in giving notice of defects in the quality of clothing were held to be unreasonable in *Silberstein* v. *Blum*, 153 N. Y. Supp. 34 and *Matthes* v. *Benn*, 181 N. Y. Supp. 670. Similarly, a delay of twenty-three days in reporting defects in sandals was held to be unreasonable in *Kaufmann* v. *Levy*, 169 N. Y. Supp. 454, and a delay of thirty-nine days was held to be unreasonable with reference to alleged defects in shoes. *Silberman* v. *Engle*, 211 N. Y. Supp. 584. Seventy days delay in rejecting a consignment of dried mushrooms was held to be unreasonable in *Ferguson* v. *Netter*, 204 N. Y. 505, and three months delay in making a claim for defective quality in a shipment of beans was held to be unreasonable in *Niehoff-Schultze Grocer Co.* v. *Gross*, 199 N. Y. Supp 196. Four months delay in notifying a seller of a claim for damages for delay in delivering steel was held to be unreasonable in *American Mfg. Co.* v. *U. S. Shipping Board*, 7 Fed. (2d.) 565. Six months delay in reporting defects in an automobile axle was held to be unreasonable in *Columbia Axle Co.* v. *Insurance. Co.*, 63 Fed. (2d) 206. A delay of thirty-five days in returning an automobile because of alleged defects was held to be unreasonable in *Skillings* v. *Collins*, 224 Mass. 275.

The citation of the numerous other cases in which similar results were reached would serve no useful purpose.

From the foregoing discussion, it follows that the order here must be

*Judgments for the defendant.*

PAGE, J., was absent: the others concurred.