DAILEY MILLS, INC., Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 30035.)

Court of Claims, March 9, 1951.

*James F. Crowley* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Robert J. Cooney, Jr.,* of counsel), for defendant.

LOUNSBERRY, P. J. In November of 1948 the claimant entered into a contract with the State of New York to sell and deliver to certain State institutions various livestock feeds. The contract specified with particularity the ingredients and the quantities and proportions thereof to be incorporated into each type of feed mixture, and with respect to each contained a guarantee as to minimum protein and fat contents and maximum fibre content. The mixing was to be done in the presence of a State inspector who was given the power to reject any ingredient which he had reason to believe was not in accordance with the specifications.

Pursuant to such contract the claimant on December 20, 1948, mixed, loaded and shipped to the Syracuse State School a number of such feeds including five tons of a feed designated as Ration F (Breeder) and one ton of a feed designated as Ration J. At the time of mixing, the inspector objected that the wheat about to be incorporated in Ration J was musty and forbade its use. The claimant nevertheless proceeded to use the wheat and shipped the Ration J feed over the inspector's protest. There was no objection, however, to the Ration F.

The shipment arrived at the Syracuse State School about December 28, 1948, on which date the State took official samples of the two feeds above-mentioned and had them subjected to an

official analysis which was made January 4 and reported January 5, 1949. The analysis showed that Ration J did contain musty wheat. It also showed that the Ration F contained 3.78% fat and 5.11% fibre, whereas the guarantee called for not less than 5.6% fat and not more than 4.8% fibre. On February 11, 1949, the Syracuse State School dispatched a letter to the claimant stating that the school had just been advised by the Division of Standards and Purchase that the two feeds in question, less a small quantity of Ration J used by error, would have to be rejected, and directing the claimant to pick up the feed or to send shipping instructions for its return. The claimant did not do so but instead brought this claim for the agreed price of such feed.

The above-mentioned letter stated no specific grounds for the attempted rejection of the feed. So far as the Ration J is concerned, however, it constituted no surprise to the claimant since it is perfectly clear from the evidence that it knew of the objection to the musty wheat before the shipment was made and simply elected to take the risk of shipping it over the inspector's protest. It therefore had immediate notice of rejection. We are also satisfied that the wheat was, in fact, musty and that this was a serious deviation from the requirements of the contract. Therefore we hold that the claimant can not recover for the Ration J feed.

There is no evidence, however, that the claimant had any notice that the Ration F feed did not comply with the proposed formula until it received the State's letter of February 11th. Such letter was not sent until forty-five days after the feed was received and thirty-seven days after the analysis report became available. This in our opinion constituted an unreasonable delay on the part of the State, with the following legal results: Under section 129 of the Personal Property Law the State must be deemed to have accepted the feed; under section 130 of the same law the seller is relieved from liability for the breach of any promise or warranty in the contract of sale; under subdivision 3 of section 150 of the same law the State is barred from rescission of the contract by reason of breach of warranty. (*Kaufmann* v. *Levy*, 102 Misc. 689; *Silberman* v. *Engel*, 125 Misc. 816; *Henderson Tire & Rubber Co.* v. *Wilson & Son*, 235 N. Y. 489; *Milz & Cie* v. *Bloomfield*, 146 Misc. 649; *Silberstein* v. *Blum*, 167 App. Div. 660; *Metacan Mfg. Co.* v. *Manchester Upholstery Co.*, 75 N. Y. S. 2d 742, affd. 272 App. Div. 1061.)

The State nevertheless urges that the claimant can not recover because it has failed to prove performance on its part of all conditions of the contract by it to be performed. In particular, it urges failure to make delivery during the first week of December, 1948, as apparently required by the contract, failure properly to label bags as required by section 131 of the Agriculture and Markets Law, and, of course, the failure to meet the minimum fat and maximum fibre content of the Ration F feed. We are satisfied, however, that neither of the first two objections mentioned constituted the State's actual ground for the rejection of the feed, the true ground being, it is obvious, the matter of the content guarantees. We therefore deem those objections waived. (*Hess* v. *Kaufherr*, 128 App. Div. 526; *Carson Petroleum Co.* v. *Balboa Trading Co.*, 120 Misc. 389.) We are also satisfied that the slight excess of fibre content conformed within reasonable limits to the specifications and would not constitute a failure of performance.

The deficiency of fat content undoubtedly was a material deviation from the guarantee. Under the above-mentioned section of the Personal Property Law, and the above-cited cases, however, we believe that the State is precluded from taking advantage thereof. It elected the defense of rescission for breach of warranty, and that defense is unavailable. To insist that the claimant prove absolute compliance with the guarantee, after the State has unreasonably delayed notice of noncompliance, and thus created a situation where it would be virtually impossible for the claimant to prove otherwise, would be to deny legal effect to the statutes requiring notice within a reasonable time. Their very purpose was to compel a buyer either to give seasonable notice of a deficiency or to accept and pay for the goods.

Therefore, claimant is entitled to an award in the sum of $440.25, together with interest thereon from December 20, 1948.

Findings of fact and conclusions of law in conformity with the within opinion may be filed within fifteen days from the date hereof, otherwise this memorandum will be considered the decision herein.

Let judgment be entered accordingly.